RALPH STACHON & ASSOCIATES, INC. v. GREENVILLE BROADCASTING COMPANY, INC.

No. 773DC248

(Filed 7 March 1978)

1. **Appeal and Error § 28.1— findings of fact—failure to make exception—findings not reviewed on appeal**

Questions as to sufficiency of service of process and whether or not plaintiff was required to comply with G.S. 55-154(a) were not properly before the Court of Appeals where the trial court made findings of fact with respect to those questions and defendant made no exceptions to those findings.

2. **Bills and Notes § 19— defense of failure of consideration—summary judgment improper**

In an action to recover on a promissory note and a "creative business agreement," the trial court erred in granting summary judgment for plaintiff since defendant raised a genuine issue of material fact, supported by its affidavit and deposition, as to whether there was a failure of consideration for the note sued upon.

APPEAL by defendant from *Whedbee, Judge.* Judgment entered 8 December 1976 in District Court, PITT County. Heard in the Court of Appeals 20 January 1978.

Plaintiff brought this civil action alleging that defendant was indebted to it on a promissory note in the amount of $2,409.00, payable monthly, and on a "creative business agreement" in the amount of $960.00, payable monthly. Defendant answered, denying its indebtedness on the note and agreement, alleging payment of $2,500.00 to be credited as against the note and failure of consideration. Defendant filed a counterclaim alleging plaintiff had seriously damaged its reputation and goodwill in the Greenville area, and loss of income by reason of plaintiff's conduct. Plaintiff moved for summary judgment on the note, which was allowed, and defendant appealed.

*James, Hite, Cavendish & Blount, by Robert D. Rouse III, for plaintiff appellee.*

*Lanier & McPherson, by Dallas W. McPherson, and Underwood & Manning, by Samuel J. Manning, for defendant appellant.*

ERWIN, Judge.

[1]　Defendant appellant presents one question for our determination: "Did the trial court err in granting plaintiff's motion for summary judgment on the grounds that there were genuine issues of material fact, and that the plaintiff was not entitled to judgment as a matter of law . . . ?" Defendant contends that the following issues of material fact existed: (1) whether plaintiff had standing to bring suit in North Carolina as a foreign corporation without first obtaining a certificate of authority as required by G.S. 55-154(a); (2) whether defendant had been properly served with process and therefore whether the court had jurisdiction over the person of defendant; (3) whether there was a failure of consideration for the note and "creative business agreement"; (4) whether plaintiff damaged the reputation and goodwill of defendant as alleged in its counterclaim.

Plaintiff's complaint alleged that it was ". . . a foreign corporation transacting business in the State of North Carolina." The original summons was directed to one Paul Vaughan. Defendant filed in apt time its motion to dismiss based on G.S. 55-154(a) and G.S. 1A-1, Rules 12(b)(2) and 12(b)(4), maintaining that plaintiff lacked standing in that it was a foreign corporation transacting business in the State without permission and that the court had no jurisdiction in that defendant had not been properly served with process. Thereafter, plaintiff caused an alias and pluries summons to issue, directed to "Ralph A. Gardner, as officer, director, or managing agent for Greenville Broadcasting Company, Inc." which was served. The trial court entered an order dismissing defendant's motion and allowing plaintiff to amend its complaint to allege simply "that the plaintiff is a foreign corporation."

To the entry of this order, defendant did not except. In the summary judgment before us, the trial court found that the complaint was served upon defendant, Greenville Broadcasting Company, Inc. To this finding of fact, defendant did not except. The Supreme Court has held where no exception has been taken to the finding of fact, such findings are presumed to be supported by competent evidence and are binding on appeal. *Insurance Co. v. Trucking Co.*, 256 N.C. 721, 125 S.E. 2d 25 (1962); *Schloss v. Jamison*, 258 N.C. 271, 128 S.E. 2d 590 (1962). This Court has held likewise in *Pegram-West, Inc. v. Homes, Inc.*, 12 N.C. App. 519,

184 S.E. 2d 65 (1971). On the record we hold that the questions of service of process and whether or not plaintiff must comply with G.S. 55-154(a) are not properly before us.

[2]   Plaintiff moved for summary judgment on its behalf pursuant to Rule 56 and filed affidavit of plaintiff's assistant treasurer, who stated that defendant had made no payments on the note or under the "creative business agreement" and that plaintiff was not "doing business" in North Carolina, and was therefore not required to comply with G.S. 55-154(a). Defendant filed an answer to plaintiff's motion, along with an affidavit of its general manager, stating that he entered into a contract with defendant to sell advertising accounts to different advertisers; that defendant was to pay a certain amount to plaintiff for these contracts; that plaintiff represented that it had contracted with five such advertisers, but in fact, plaintiff failed to obtain proper contracts with three of the advertisers; and that defendant had paid plaintiff in full under the "creative business agreement." In a deposition, defendant's general manager stated that the amount due under the "creative business agreement" was included in the note; that no payments had been made on either the agreement or the note; and that payments on the note were not made because plaintiff did not fulfill its obligations under the "creative business agreement."

We agree with defendant that there exists a genuine issue of material fact as to whether there was failure of consideration for the note sued upon. This action is between the payee and the maker of the alleged note. As between the original parties to a note, it is competent to show by parol evidence that there was a failure of consideration, 2 N.C. Index 3d, Bills and Notes § 19; *Mills v. Bonin*, 239 N.C. 498, 80 S.E. 2d 365 (1954), and as between them, failure of consideration is a defense. *Mills v. Bonin, supra*; *Perry v. Trust Co.*, 226 N.C. 667, 40 S.E. 2d 116 (1946). Even if plaintiff could be shown to be a holder in due course, it has clearly "dealt" with defendant and would not take the note free of such defense. G.S. 25-3-305(2). Clearly one not a holder in due course takes subject to the defense. G.S. 25-3-306(c); G.S. 25-3-408. Partial failure of consideration is a pro tanto defense. G.S. 25-3-408. *See also Mozingo v. Bank*, 31 N.C. App. 157, 229 S.E. 2d 57 (1976), *cert. denied*, 291 N.C. 711, 232 S.E. 2d 204 (1977).

In *Commercial Credit Corp. v. McCorkle*, 19 N.C. App. 397, 198 S.E. 2d 736 (1973), this Court held at p. 398,

"The trial court, upon motion for summary judgment under Rule 56, should not undertake to resolve an issue of credibility. *Lee v. Shor*, 10 N.C. App. 231, 178 S.E. 2d 101. In this case plaintiff alleges defendant is indebted to plaintiff; defendant denies the allegation. Where a defendant denies the existence of the debt alleged, unless admissions by defendant clearly show that his denial of the debt is utterly baseless in fact, defendant's denial raises a genuine issue as to a material fact. Where a genuine issue as to a material fact is raised, summary judgment is improper. *See* G.S. 1A-1, Rule 56(c). In this case defendant's admission that he executed the Transfer of Interest Agreement does not render his denial of the debt to be baseless. From the pleadings alone, it cannot be determined as a fact that defendant owes the plaintiff a sum of money in any amount."

We hold that the defendant raised a genuine issue of material fact, supported by its affidavit and deposition in response to the plaintiff's motion for summary judgment on the issue of whether or not the note in question is due and payable. We do not agree with the trial court's finding that the denial of the debt was baseless. Our holding makes it unnecessary for us to address the fourth issue raised by defendant, namely, whether material issues of fact exist as to the allegations in defendant's counterclaim. The summary judgment does not directly purport to adjudicate the counterclaim adversely to defendant.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.

Judges BRITT and VAUGHN concur.