P. H. CRAIG v. JONAS KESSING and wife, ALICE KESSING, and GORDON BLACKWELL and JACK CARLISLE

No. 86

(Filed 16 March 1979)

1. Evidence § 32.1— written agreement—parol evidence of terms inadmissible

In an action for specific performance of an option agreement to convey interests in real estate, the admission of parol testimony concerning purchase price and expiration date was not permissible under the partial integration rule, since those terms were included in the parties' written agreement.

Craig v. Kessing

2. **Evidence § 32.3— written agreement complete at time of signing—parol evidence inadmissible**

> In an action for specific performance of an option agreement to convey interests in real estate, the exception to the parol evidence rule made in the case of subsequently altered instruments was inapplicable where defendants failed to present testimony with any probative value that would show that the document containing the parties' written agreement was not completely filled out when defendant signed it.

> Justice BROCK did not participate in the consideration or decision of this case.

ON petition for discretionary review of the decision of the Court of Appeals reported in 36 N.C. App. 389, 244 S.E. 2d 721 (1978), reversing judgment entered by *Walker (Ralph A.), J.*, 1 April 1977 in ORANGE Superior Court. Docketed and argued as case No. 109 at Fall Term 1978.

Plaintiff instituted this action seeking specific performance of an option agreement to convey interests in real estate. Following a nonjury trial, the trial court found facts, made conclusions of law and adjudged that plaintiff was not entitled to relief.

Plaintiff appealed to the Court of Appeals. That court, in an opinion by Arnold, J., concurred in by Morris and Martin (Robert), JJ., reversed the judgment appealed from and remanded the cause to superior court with instructions that an order be entered granting plaintiff specific performance. An adequate summary of the pleadings, evidence and judgment is set forth in the Court of Appeals opinion and no useful purpose would be served by another summarization here.

Defendant Carlisle filed notice of appeal to this court and also petitioned for discretionary review. We allowed plaintiff's motion to dismiss the notice of appeal. We allowed the petition for discretionary review but only for the limited purpose of "determining whether the Court of Appeals erred in deciding that parol evidence was inadmissible to show that the instrument in question had been altered or added to after its execution".

*Powe, Porter, Alphin & Whichard, by Charles R. Holton, for plaintiff-appellee.*

*Hatch, Little, Bunn, Jones, Few & Berry, by David H. Permar, for defendant-appellant.*

BRITT, Justice.

We conclude that the decision rendered by the Court of Appeals is correct and we affirm the decision. However, there is one principle of law alluded to in the Court of Appeals opinion that we think should be clarified.

In part III of its opinion the Court of Appeals held that the conclusions of law made by the trial court were not supported by sufficient findings of fact or by the evidence contained in the record. Conclusion (a) states that "(t)he instrument was not completed at the time of execution by Jonas Kessing". In commenting on this conclusion the Court of Appeals said:

> Conclusion (a), presumably, was prompted by the testimony of defendant Kessing that he was "sure that parts of this document were not filled in at the time I signed it. I can't be too specific except for recalling, the first thing is the 31 July, 1968. This sticks in my craw. That's a month after I had to have the money." However, a review of the written contract indicates that it represents at least a partial integration of the agreement. "(I)t is presumed the writing was intended by the parties to represent all their engagements as to the elements dealt with in the writing." *Neal v. Marrone,* 239 N.C. 73, 77, 79 S.E. 2d 239, 242 (1953). *See also* 2 Stansbury Sec. 253 (Brandis Rev. 1973). Parol evidence, therefore, was incompetent and will not support the trial court's conclusion that the instrument was not completed when executed.

We think the last sentence quoted above needs clarification as it leaves the impression that even when a document is not complete at the time of signing, and other provisions are added, parol evidence with respect to the additions is not admissible. Furthermore, it does not adequately explain why evidence of the particular terms in question is inadmissible under the partial integration theory.

It appears to be well settled in this jurisdiction that parol testimony of prior or contemporaneous negotiations or conversations inconsistent with a written contract entered into between the parties, or which tends to substitute a new or different contract for the one evidenced by the writing, is incompetent. 2

Stansbury's N.C. Evidence § 253 (Brandis Rev. 1973). This rule applies where the writing totally integrates all the terms of a contract or supersedes all other agreements relating to the transaction. The rule is otherwise where it is shown that the writing is not a full integration of the terms of the contract. The terms not included in the writing may then be shown by parol. *Id.*, § 252.

[1] Assuming *arguendo* that the writing which evidenced the agreement of the parties in this case was only a partial integration of their contract, it would be proper for defendant to prove by parol those terms of the agreement not incorporated in the writing. However, the two terms about which Kessing sought to testify, the purchase price and the expiration date, were terms on the written instrument. Thus, the admission of parol testimony concerning these terms is not permissible under the partial integration rule and is incompetent to support the trial court's conclusion (a).

Parol evidence is also generally admissible to show that a written document has been altered subsequent to its execution. 32A C.J.S., Evidence § 933 (1964). Terms added to a written contract after its execution without the assent of all the parties do not become a part of the contract. *See Johnson v. Orrell*, 231 N.C. 197, 56 S.E. 2d 414 (1949).

[2] Had defendants presented evidence tending to show that the option agreement in question was not completely filled out at the time Jonas Kessing signed it, oral testimony would have been competent to prove the provisions added. But, defendants failed to present testimony with any probative value that would show that the document was not completely filled out when Kessing signed it. Thus the exception to the parol evidence rule made in the case of subsequently altered instruments is inapplicable, and testimony as to terms different from those on the writing is incompetent.

The only evidence even intimating that the instrument was not completed at the time of signing was the testimony of Jonas Kessing. While he stated that all of the terms of the agreement were not set out in the document at the time he signed it, he stated in almost the same breath that he did not "specifically remember what terms were not on there". He intimated that the expiration date set forth in the document, 31 July 1968, was not

correct; yet, when pressed, he stated that he had no recollection "one way or the other" as to whether the date was on the document when he signed it and that he "would be an idiot to sign it with that date on there". He further intimated that the agreed purchase price was $15,000 rather than $14,000 as set forth in the document; immediately thereafter he stated "and I would think that I would scream if it had not been ($15,000), but I can't recall one way or the other".

The burden of proving that the instrument was not completed at the time Jonas Kessing signed it and that it was completed differently from the terms agreed upon was on defendants. *Bowden v. Bowden*, 264 N.C. 296, 141 S.E. 2d 621, 30 A.L.R. 3d 561 (1965). Kessing's testimony was insufficient to meet this burden of proof. Plaintiff testified unequivocally that the document was the same at the time Kessing signed it as it was when introduced at trial. Therefore, we agree with the Court of Appeals that the trial court's finding of fact and conclusion of law that the document in question was not completed at the time it was signed by Kessing are not supported by the evidence.

The decision of the Court of Appeals is

Affirmed.

Justice BROCK did not participate in the consideration or decision of this case.