M. H. ROURK AND WIFE, MARIE F. ROURK   v. BRUNSWICK COUNTY

No. 7913DC1069

(Filed 20 May 1980)

1. **Deeds § 11.1— parol evidence contradicting terms of deed—exclusion proper**

    The trial court did not err in refusing to allow parol evidence to contradict or modify the terms of a deed or create a reservation of the property by parol where the evidence tended to show that the deed in question was prepared by plaintiffs' attorney in whom they testified they had complete trust; plaintiffs signed the deed without reading it; it must be assumed that plaintiffs signed the instrument they intended to sign; and there was no evidence of mental incapacity, mutual mistake of the parties, undue influence, or fraud.

2. **Deeds §§ 8, 16.2— land conveyed for construction of health center—consideration—condition subsequent**

    Provision in a deed from plaintiff physician and his wife to defendant county that defendant would begin construction of a public health center on the land within one year or the land would revert to plaintiffs was sufficient to state consideration and to create a condition subsequent.

3. **Reformation of Instruments § 7— reverter clause omitted from deed—no mutual mistake—reformation properly denied**

    The trial court did not err in refusing to reform a deed by which plaintiffs conveyed property to defendant for the purpose of constructing a public health center on the basis of mistake, where plaintiffs claimed that the deed should have included a clause which would provide for reverter if defendant ceased to use the land for a public health center, but defendant contended the deed stated exactly what it meant for it to state, and there was therefore no mutual mistake.

APPEAL by plaintiffs from *Wood, Judge.* Judgment entered 28 August 1979 in District Court, BRUNSWICK County. Heard in the Court of Appeals 25 April 1980.

This is an action to reform a deed to real estate conveyed by the plaintiffs to the defendant for use by the defendant as a location for the county public health center. The deed was dated 15 April 1957, signed under seal by M. H. Rourk and wife, Marie F. Rourk, and contained the following language: "... in consideration of ONE DOLLAR to them paid by the party to the second part, the receipt of which is hereby acknowledged, and the further consideration that the County of Brunswick construct on the premises hereinafter described a public health center, have bargained and sold . . ." and ". . . subject to the condition, however, that it is agreed and understood by and between the parties to this deed and made a part of the consideration hereof . . . [that] if the construction of the said health center has not been commenced within the period of one year from the date of this instrument said property shall revert to the parties of the first part." Construction of the health center was commenced within the year, and the building was used continuously as a health center until the county decided to use the property as senior citizens facility. Plaintiffs contend the deed should have included a reverter clause providing that should the property cease to be used as a public health center it would revert back to the grantor and that a unilateral mistake was made by the draftsman in failing to include this provision. The trial judge found as a fact that insufficient evidence had been presented of unilateral mistake, lack of consideration, or of a mistake by the draftsman, and concluded plaintiffs were not entitled to a reformation of the deed. Plaintiffs appealed.

*Powell & Smith, by William A. Powell, for plaintiff appellants.*

*John R. Hughes for defendant appellee.*

HILL, Judge.

Plaintiffs first contend the trial court erred by excluding evidence that they received no consideration from defendant for the conveyance of the parcel of land. We do not agree.

[1] It is well settled that except in cases of fraud, mistake, or undue influence, parol trusts or agreements will not be set up or engrafted in favor of the grantor upon a written deed conveying

to the grantee the absolute title, and giving clear indication on its face that such title was intended to pass. *Conner v. Ridley*, 248 N.C. 714, 716, 104 S.E. 2d 845 (1958). Testimony tending to show an oral agreement in direct conflict with the deed is incompetent. *Conner, supra*, at p. 715.

The deed was prepared by plaintiffs' attorney (now deceased). Plaintiff M. H. Rourk testified that he had complete faith in his attorney; that he did not read the deed and did not have time to read deeds, busy as he was, all alone in the county practicing medicine. Rourk simply asked his attorney if it was all right to sign the deed. Plaintiffs only learned of the omission of a reverter clause years later when the county began to use the property as a center for the aged.

It must be assumed the plaintiffs signed the instrument they intended to sign. *Poston v. Bowen*, 228 N.C. 202, 203, 44 S.E. 2d 881 (1947). There is no evidence or proof of mental incapacity, mutual mistake of the parties, undue influence, or fraud. Hence, we must conclude the court did not err in refusing to allow parol evidence to contradict or modify the terms of the deed, or create a reservation of the property by parol. *Campbell v. Sigmon*, 170 N.C. 348, 87 S.E. 116 (1915); *Conner v. Ridley, supra*, at p. 716.

[2] Next, plaintiffs contend the court erred in its findings of fact and conclusions of law that valuable consideration existed for the deed. Plaintiffs contend the language in the deed hereinafter set out simply created a condition subsequent.

> TO HAVE AND TO HOLD THE aforesaid tract or parcel of land, . . . subject to the condition, however, that it is agreed and understood by and between the parties to this deed and made a part of the consideration hereof that the parties of the first part are conveying the property described herein to the party of the second part upon the condition that the party of the second part shall construct on said premises a public health center . . . and that the actual construction of said health center shall commence within one year from the date of this instrument and if the construction of the said health center has not been commenced within the period of one year from the date of this instrument said property shall revert to the parties of the first part.

It will be noted that the word "considertion" is used and is coupled with acts to be performed by the defendant as a part thereof. These acts so imposed clearly are a part of the consideration for the deed in that defendant normally would be under no duty to perform them. Common sense also teaches that a physician must gain some advantage in having a health center in the community.

We do not quarrel with the plaintiffs' contention that the language creates a condition subsequent, but we have found no cases which provide that the language may not serve both to state consideration as well as to create a condition subsequent.

[3] Plaintiffs contend the deed should be reformed on the basis of mistake. We do not agree with plaintiffs. Defendants contend the deed states exactly what they meant for it to state. Certainly, there was no mutual mistake. As a general rule, a court will allow reformation of a written instrument on the basis of mistake when the mistake is mutual and fails to express the true intent of the parties. *Cobb v. Cobb*, 211 N.C. 146, 189 S.E. 479 (1937); *American Potato Co. v. Jeannette*, 174 N.C. 236, 93 S.E. 795 (1917); *Parker v. Pittman*, 18 N.C. App. 500, 197 S.E. 2d 570 (1973). We have concluded previously the deed was based on consideration and not a deed of gift. Therefore, there is no basis for reformation based on unilateral mistake under *Nelson v. Harris*, 32 N.C. App. 375, 232 S.E. 2d 298 (1977), *disc. rev. denied* 292 N.C. 641 (1977).

Finally, we are not impressed by plaintiffs' argument that the deed must be reformed on the basis of an alleged mistake by the draftsman. We note the trial judge in his findings of fact found that insufficient evidence of a mistake by the draftsman had been presented. We have searched the record and reach the same result. We are bound by the findings of fact reached by the trial judge.

The judgment reached by the trial judge is

Affirmed.

Judges MARTIN (Robert M.) and WEBB concur.