FITZGERALD GIBBS AND IRA B. GIBBS v. HALLET W. GIBBS AND WIFE MAETRICE GIBBS

No. 812SC1405

(Filed 16 November 1982)

1. Trial § 3.1— motion for continuance—unavailability of witness—discretion of judge

In an action relating to the transfer of a deed where plaintiffs presented no evidence of the presence of fraud, mistake or undue influence at the execution of the deed, plaintiffs failed to show that the trial court abused its discretion in failing to continue the hearing of the case when one of their witnesses was unable to attend the trial.

2. Trial § 58.3— findings of fact—supported by evidence—conclusive on appeal

In an action in which plaintiff sought to have a constructive trust imposed on a piece of property or, alternatively, to have a deed from plaintiff to defendant declared void for lack of capacity in the grantor, the trial court's findings of fact and conclusions of law were supported by evidence in the record.

Gibbs v. Gibbs

APPEAL by plaintiff from *Winberry, Judge.* Judgment signed 30 June 1981 in Superior Court, CHOWAN County.[1] Heard in the Court of Appeals 13 October 1982.

Seth Gibbs died intestate in December of 1969 leaving seven children, his heirs at law, and seized of several tracts of land. Title to one of the tracts is in dispute and is the subject of this lawsuit. Five of his children, including plaintiff Fitzgerald Gibbs, agreed to and did sell and convey their 1/7 interest in the disputed parcel to defendant by general warranty deed dated 2 November 1971. Plaintiff Ira Gibbs and wife conveyed their interests in the disputed parcel to the defendants by general warranty deed dated 17 January 1972.

Neither of the deeds reserved a life estate in favor of Fitzgerald Gibbs or anyone else; further, neither deed made reference to any right of first refusal or option to purchase. Both deeds, absolute on their faces, were properly signed, acknowledged and recorded.

Plaintiffs, by complaint filed on 15 May 1979 and later by amendment filed 12 August 1980, brought this action alleging that defendants reneged on an oral promise to reserve a life estate in the parcel to the plaintiff, and that Fitzgerald Gibbs lacked the requisite mental capacity to deliver a valid deed in 1971. Plaintiffs sought to have a constructive trust imposed on the property with themselves as beneficiaries of a life estate interest or, alternatively, to have the deed from Fitzgerald to Hallet Gibbs declared void for lack of capacity in the grantor.

Charles Winberry, Judge, sitting without a jury, ruled at the close of the evidence that the plaintiffs had failed to carry their burden of proof. He made lengthy findings of fact, concluded that plaintiffs were not entitled to any of the relief sought, entered judgment for the defendants, and dismissed the action.

*Franklin B. Johnson for plaintiff appellants.*

*John S. Fletcher, II, for defendant appellees.*

---

1. Counsel for all parties stipulated that judgment could be entered by the court out of the county and after the conclusion of the session.

BECTON, Judge.

Plaintiffs made eighteen (18) assignments of error and raise two arguments on appeal. We affirm the judgment below.

[1] By assignments of error one and three, Fitzgerald and Ira Gibbs argue that the trial court erred by failing to continue the hearing of the case when their vital witness was unable to attend the trial. This witness, Delma Gibbs Alligood, was to testify that defendant verbally promised Fitzgerald Gibbs a life estate in the property.

It is textbook law that a motion for continuance is addressed to the sound discretion of the trial court. *Shankle v. Shankle*, 289 N.C. 473, 223 S.E. 2d 380 (1976). In *Shankle*, our Supreme Court, quoting 17 C.J.S. *Continuances* § 5 (1963) said: "The chief consideration to be weighed in passing upon the application is whether the grant or denial of [the] continuance will be in furtherance of substantial justice." *Id*. at 483, 223 S.E. 2d at 386 (1976). Plaintiffs' right to a fair hearing was not abrogated by the denial of the motion since evidence of an oral agreement made prior to the delivery of the deed was and is irrelevant to the construction of the deed in the case *sub judice*. Interests in land can be passed only by a validly executed writing. N.C. Gen. Stat. § 22-2 (1965). This Court ruled earlier, in *Rourk v. Brunswick County*, that:

> It is well settled that except in cases of fraud, mistake, or undue influence, parol trusts or agreements will not be set up or engrafted in favor or the grantor upon a written deed conveying to the grantee the absolute title, and giving clear indication on its face that such title was intended to pass. Testimony tending to show an oral agreement in direct conflict with the deed is incompetent. [Citations omitted.]

46 N.C. App. 795, 796-97, 266 S.E. 2d 401, 403 (1980). Since plaintiffs present no evidence of the presence of fraud, mistake, or undue influence at the execution of the deed, nor make any argument concerning these defenses, we are hard pressed to determine what aid the proffered testimony would have given their case. The trial court did not abuse its discretion in denying the motion for continuance.

[2] Plaintiffs' second contention is that the trial court made findings of fact not supported by the evidence. The record on appeal is replete with evidence to support the trial court's findings of fact and conclusions of law. While some testimony was adduced at the hearing tending to show that Fitzgerald Gibbs lacked sufficient mental capacity to understand the nature and consequences of his execution of the deed, the trial court found, and there is evidence in the record to support its finding, that Fitzgerald Gibbs failed to prove this fact by even the greater weight of the evidence. Assuming, *arguendo*, that Fitzgerald was incompetent on 2 November 1971, his own witnesses produced evidence that he was capable of handling his own affairs by 1974. The statute of limitations for bringing an action for recovery of title to realty based on mental disability is three years after the disability is removed; thus plaintiffs' prayer to void the deed is, in any event, barred by the statute. N.C. Gen. Stat. § 1-17 (1981).

For the above reasons, the judgment below is affirmed.

Affirmed.

Chief Judge MORRIS and Judge JOHNSON concur.