A. FLOYD HARRELL v. FIRST UNION NATIONAL BANK

No. 847SC738

(Filed 17 September 1985)

**Evidence § 32.2— applicability of parol evidence rule**
> The parol evidence rule rendered incompetent plaintiff's testimony that, at the time he signed a letter providing that certain common stock could be used as collateral for future advances to plaintiff's son-in-law, he told defendant bank's loan officer that no future advances secured by the stock were to be made to the son-in-law without his prior approval.

> Judge PHILLIPS dissenting.

APPEAL by plaintiff from *Brown, Judge.* Judgment entered 2 March 1984 in Superior Court, WILSON County. Heard in the Court of Appeals 7 March 1985.

This is an action for the wrongful sale of stock. The plaintiff's evidence showed that the defendant had made several loans to the plaintiff during a period of several years. The loans were secured by life insurance policies owned by the plaintiff. The plaintiff had also allowed his son-in-law to use the policies as collateral for loans. In March 1980, the plaintiff substituted common stock as collateral for his loans. At that time he signed a document entitled "Letter of Consent" which provided that the stock could be used as collateral for future advances to the plaintiff's son-in-law.

The court sustained an objection to part of the conversation between the plaintiff and the loan officer at the time the Letter of Consent was signed. The plaintiff then testified out of the presence of the jury that at the time he signed the Letter of Consent he told the loan officer that he did not want any future advances made to his son-in-law which were secured by the stock unless the plaintiff approved such advances. The loan officer replied, "That's right." On one occasion the plaintiff consented to an advance but several loans were subsequently made to the son-in-law without plaintiff's consent. The defendant sold the stock when the loans were not paid.

At the conclusion of the plaintiff's evidence the court granted the defendant's motion for a directed verdict. The plaintiff appealed.

*Carr, Gibbons, Cozart and Jones, by L. H. Gibbons, for plaintiff appellant.*

*Connor, Bunn, Rogerson & Woodard, by James F. Rogerson, for defendant appellee.*

WEBB, Judge.

This case brings to the Court a question as to whether testimony as to a conversation between the plaintiff and a loan officer of the defendant was properly held to be incompetent under the parol evidence rule. The parol evidence rule is not a rule of evidence but of substantive law. *See* E. Allan Farnsworth, *Contracts,* 447 *et seq.* It prohibits the consideration of evidence as to anything which happened prior to or simultaneously with the making of a contract which would vary the terms of the agreement. The testimony of the plaintiff to the effect that no future advances to his son-in-law would be made without his consent would vary the terms of the Letter of Consent and the court was correct in not letting it do so.

The appellant, relying on *O'Grady v. Bank,* 296 N.C. 212, 250 S.E. 2d 587 (1978), *Bailey v. Westmoreland,* 251 N.C. 843, 112 S.E. 2d 517 (1959) and *Perry v. Trust Co.,* 226 N.C. 667, 40 S.E. 2d 116 (1946) argues that the parol evidence rule does not prevent the consideration of this testimony. He says this is so because the testimony as to no future advances being made without his consent shows that the instrument was not to become effective until a certain condition was met. In each of the cases cited by the plaintiff there was evidence that the signer of an instrument made its effectiveness conditional upon the happening of some event. Those cases are distinguishable from this case in that the plaintiff in this case delivered the Letter of Consent to the bank and it became effective at that time. The plaintiff's testimony was that he told the loan officer at the time the Letter of Consent was delivered that he would not agree that the stock be used to secure any future loans without his consent. This testimony would have varied the terms of the contract which was in all other respects effective. The parol evidence rule prevents such a variance. The court properly refused to consider this testimony.

Affirmed.

---

---

Judge MARTIN concurs.

Judge PHILLIPS dissents.

Judge PHILLIPS dissenting.

In my opinion the parol evidence rule does not apply to the evidence referred to. The evidence, as I view it, shows that the pledge of plaintiff's stock was to be effective only upon the plaintiff approving any loan the bank made to Ellis, and the writing and the stock were signed, delivered, and accepted on that condition.