24275

Floyd HANSEN, Petitioner v. DHL LABORATORIES, INC., John F. Ladley and R.S. Dickson & Co., d/b/a Ruddick Investment Co., and R. Stuart Dickson, Defendants, Of Whom DHL Laboratories, Inc., is Respondent.

(459 S.E. (2d) 850)

Supreme Court

G. *Randall Taylor*, of *Butler, Means, Evins & Browne*, Spartanburg, *for petitioner.*

*William U. Gunn*, of *Holcombe, Bomar, Cothran & Gunn*, Spartanburg, *for respondent.*

Submitted June 21, 1995.

Decided July 17, 1995.

*Per Curiam:*

Petitioner, Floyd Hansen (Hansen), seeks a writ of certiorari to review the decision of the Court of Appeals in *Hansen v. DHL Laboratories, Inc.*, 316 S.C. 505, 450 S.E. (2d) 624 (Ct. App. 1994). We grant the writ of certiorari, dispense with further briefing, and clarify the opinion as follows.

After he was removed as President of respondent DHL Laboratories, Inc. (DHL), Hansen brought this action against DHL alleging breach of contract and other causes of action. DHL answered and, by way of counterclaim, sought enforcement of promissory notes given to DHL by Hansen. In reply, Hansen admitted signing the promissory notes but alleged that the parties intended the loan proceeds to be additional compensation that Hansen would not be required to repay. Hansen contended that the parties initiated the promissory notes so that he could avoid paying income taxes on the proceeds.

DHL filed a motion for summary judgment as to three of the promissory notes. Hansen's "evidence" to contradict the motion was the following statement in a pleading: "Plaintiff would further show that he was fraudulently induced into signing the promissory note as a result of the Defendant's promise that Plaintiff would not be required to repay the purported indebtedness evidenced by the said note."

The Court of Appeals properly held that this pleading could not be used as evidence to overcome DHL's motion for summary judgment. Rule 56(e), SCRCP; *Manley v. Manley*, 291 S.C. 325, 353 S.E. (2d) 312 (Ct. App. 1987).

Moreover, the Court of Appeals properly held that, while parol evidence may be admissible to prove that a writing was procured with fraudulent intent, Hansen's "evidence" did not support a claim of fraudulent misrepresentation and was, therefore, inadmissible as an exception to the parol evidence rule. Hansen's allegation regarding DHL's conduct simply amounted to a broken promise, not fraud. See *Allen-Parker Co. v. Lollis*, 257 S.C. 266, 185 S.E. (2d) 739 (1971); *Davis v. Upton*, 250 S.C. 288, 157 S.E. (2d) 567 (1967).

However, to the extent that the Court of Appeals decision may be read to require that the elements of fraud be specifically pled in order to overcome the parol evidence rule, the opinion is hereby clarified. Evidence of fraud for this purpose need not be pled with specificity. *W.S. Gray Cotton Mills v. Spartanburg County Mills*, 139 S.C. 223, 137 S.E. 684 (1927).

Affirmed.