SAMUEL JAMES THOMPSON, Plaintiff v. FIRST CITIZENS BANK & TRUST COMPANY (a North Carolina Corporation), Defendant

No. COA01-973

(Filed 6 August 2002)

**1. Appeal and Error— perfection of appeal—failure to file brief**

An appeal was dismissed for failure to file a brief.

**2. Negotiable Instruments; Evidence— action on CD—not a negotiable instrument—parol evidence rule**

The trial court did not err by granting summary judgment for plaintiff in an action alleging that a CD was wrongfully dishonored where the CD was not a negotiable instrument within the provisions of the UCC because the CD confirmation clearly says "NON-TRANSFERABLE." There was a valid contract between the parties; defendant's contradictory affidavit violated the parol evidence rule because it directly contradicted the clear language in the contract between the parties, and defendant did not demonstrate that the CD was only to become effective upon the occurence of some future contingency.

Appeal by defendant from judgment entered 15 May 2001 by Judge Loto G. Caviness in Henderson County Superior Court. Heard in the Court of Appeals 14 May 2002.

**THOMPSON v. FIRST CITIZENS BANK & TR. CO.**

[151 N.C. App. 704 (2002)]

*Timithy R. Cosgrove, for plaintiff-appellant.*

*Ward and Smith, P.A., by Eric J. Remington and Cheryl A. Marteney for defendant-appellant.*

BIGGS, Judge.

Defendant (First Citizens Bank) appeals from summary judgment in favor of plaintiff (Samuel James Thompson), entered 15 May 2001. We affirm the trial court.

On 5 November 1998, plaintiff borrowed $10,500 from defendant. As collateral for the loan, defendant required plaintiff to purchase a $10,000 certificate of deposit (CD). Plaintiff met with Catherine Huggins (Huggins), defendant's employee, to execute the documents associated with the loan and with the purchase of the CD. Huggins gave plaintiff a CD confirmation form with her signature, acknowledging that plaintiff had opened a CD account with an initial deposit of $10,000. On the same day, plaintiff executed an "Assignment of Deposit Account," assigning the CD to defendant as collateral for his loan. In November, 1999, plaintiff paid off the $10,000 loan from defendant, and presented the CD confirmation for payment. Defendant refused to pay the amount due on the CD and claimed that, notwithstanding the signed CD confirmation, plaintiff had not deposited $10,000 to purchase a CD.

On 13 January 2000, plaintiff filed this action against defendant, claiming that defendant had wrongfully dishonored the CD, and had engaged in unfair and deceptive trade practices. He sought damages in the amount of the CD plus interest, attorney's fees, and a declaration that the defendant had engaged in unfair or deceptive trade practices. Plaintiff moved for summary judgment on 5 April 2001. Defendant moved for partial summary judgment on the issue of unfair and deceptive trade practices on 18 April 2001. On 15 May 2001, the trial court granted summary judgment for plaintiff on his claim that defendant wrongfully dishonored the CD, and ordered defendant to pay plaintiff the amount of the CD, with interest. The court also granted summary judgment for defendant on plaintiff's claim of unfair or deceptive trade practices, and denied plaintiff's request for attorneys' fees. Defendant appealed from the court's summary judgment order in favor of plaintiff regarding the CD; plaintiff appealed from the denial of attorney's fees.

### Plaintiff's Appeal

**[1]** Plaintiff has failed to perfect his appeal from the denial of his motion for attorneys' fees. Although he gave notice of appeal, he has not filed an appellant's brief. The failure to file a brief with this Court is a violation of the Rules of Appellate Procedure, *see* N.C. R. App. P. 13 (brief must be filed within 30 days of mailing record on appeal); N.C.R. App. P. 28(b) (setting out required contents of brief), and subjects his appeal to dismissal. *In re Church*, 29 N.C. App. 511, 224 S.E.2d 697 (1976) (dismissing appeal for failure to file brief). "The appellate courts of this state have long and consistently held that the rules of appellate practice, now designated the Rules of Appellate Procedure, are mandatory and that failure to follow these rules will subject an appeal to dismissal." *Steingress v. Steingress*, 350 N.C. 64, 65, 511 S.E.2d 298, 299 (1999). Accordingly, plaintiff's appeal is dismissed for failure to file an appellant's brief.

### Standard of Review

Defendant appeals from a summary judgment order. Summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C.G.S. § 1A-1, Rule 56(c) (2001). "An issue is material if the facts alleged would constitute a legal defense, or would affect the result of the action, or if its resolution would prevent the party against whom it is resolved from prevailing in the action." *Koontz v. City of Winston-Salem*, 280 N.C. 513, 518, 186 S.E.2d 897, 901 (1972). "The moving party bears the burden of establishing the lack of a triable issue of fact." *Sykes v. Keiltex Industries, Inc.*, 123 N.C. App. 482, 484-85, 473 S.E.2d 341, 343 (1996) (citing *Pembee Mfg. Corp. v. Cape Fear Constr. Co.*, 313 N.C. 488, 329 S.E.2d 350 (1985)). If the movant meets its burden, the nonmovant is then required to "produce a forecast of evidence demonstrating that the [nonmoving party] will be able to make out at least a *prima facie* case at trial." *Collingwood v. G.E. Real Estate Equities*, 324 N.C. 63, 66, 376 S.E.2d 425, 427 (1989). Furthermore, "the evidence presented by the parties must be viewed in the light most favorable to the non-movant." *Bruce-Terminix Co. v. Zurich Ins. Co.*, 130 N.C. App. 729, 733, 504 S.E.2d 574, 577 (1998).

"Evidence which may be considered under Rule 56 includes admissions in the pleadings, depositions on file, answers to Rule 33 interrogatories, admissions on file whether obtained under Rule 36 or

in any other way, affidavits, and any other material which would be admissible in evidence or of which judicial notice may properly be taken." *Kessing v. Mortgage Corp.*, 278 N.C. 523, 533, 180 S.E.2d 823, 829 (1971). *See also PNE AOA Media, L.L.C. v. Jackson Cty.*, 146 N.C. App. 470, 554 S.E.2d 657 (2001) (citing rule).

[2] Defendant argues that the trial court erred in granting summary judgment for plaintiff, and contends that the evidence raised a genuine issue of material fact regarding whether there was consideration for the CD. The resolution of this issue requires us to examine several features of the commercial transaction at issue.

First, plaintiff and defendant disagree about whether the CD is a negotiable instrument as defined by the Uniform Commercial Code (UCC). We conclude that the CD at issue in the present case is not a negotiable instrument, and therefore is not governed by the negotiable instrument provisions of the UCC.

The UCC applies only to negotiable instruments. N.C.G.S. § 25-3-102. A "negotiable instrument" is "an unconditional promise or order to pay a fixed amount of money[.]" N.C.G.S. § 25-3-104(a). Negotiable instruments, also called simply "instruments," may include, *e.g.*, a personal check, cashier's check, traveler's check, or CD. N.C.G.S. § 25-3-104. However, N.C.G.S. § 25-3-104(d) provides that a financial document such as a CD "is not an instrument if, at the time it is issued or first comes into possession of a holder, it contains a conspicuous statement, however expressed, to the effect that the promise or order is not negotiable or is not an instrument governed by this Article." *See Holloway v. Wachovia Bank & Trust Co.*, 333 N.C. 94, 99-100, 423 S.E.2d 752, 755 (1992) (CD that included "terms precluding transfer" held not a negotiable instrument, as it "lacks the essential words of negotiability").

In the instant case, the CD confirmation clearly states, in upper case type, "NON-TRANSFERABLE." We conclude that this qualifies as "a conspicuous statement . . . that the promise or order is not negotiable," and, thus, that the CD does not fall within the purview of the negotiable instrument provisions of the UCC.

"Because the certificate of deposit at issue does not fall under the UCC, we must turn to the common law." *Holloway* at 100, 423 S.E.2d at 755. The CD confirmation is a contract between plaintiff and defendant, and its interpretation is governed by principles of contract law. *Holloway, id.* (CD represents a contract between bank and

depositor, evidenced by the CD); *In re Estate of Heffner*, 99 N.C. App. 327, 329, 392 S.E.2d 770, 771 (1990) (CD requires signature, as the "only writing purporting to serve as a contract").

The CD in the case *sub judice* is a contract whereby plaintiff agrees to deposit $10,000 with defendant for a period of 24 months in return for a guaranteed interest rate of 4.65%. The CD confirmation states:

> This confirmation acknowledges that the Depositor named below has opened a CD account with this bank, with an opening deposit in the amount of $10,000.

The CD confirmation lists plaintiff as the depositor, and sets forth other details regarding the CD's maturity date, interest rate, account number, date opened, and taxpayer ID number. The CD confirmation is signed by Huggins on the line titled "Authorized Bank Signature." Defendant has not contested the authenticity of Huggins' signature, denied that she acted as defendant's agent, or alleged any defect in the CD confirmation itself, or fraud in its execution. We conclude that the CD confirmation represents a valid contract between the parties and that, absent evidence that warrants reform of the CD confirmation, it entitles plaintiff to the amount stated on its face.

Defendant argues that the sworn affidavit of Huggins raises a genuine issue of material fact as to whether plaintiff provided consideration ($10,000) for the CD. In her affidavit, Huggins acknowledges that plaintiff obtained a loan from defendant, that defendant required plaintiff to purchase a CD to secure the loan, and that Huggins completed the documents involved in the transaction and delivered them to plaintiff. She further concedes that she gave plaintiff the CD confirmation with her signature. The affidavit contains no allegations of fraud, undue influence; misrepresentation, or mutual mistake. Rather, the affidavit states that "[plaintiff] was mistakenly given a CD confirmation form which acknowledged the opening of the CD account in the amount of $10,000," and that "[t]he CD confirmation form and Deposit Account Agreement booklet should not have been given to [plaintiff.]" In essence, Huggins asserts that she gave plaintiff the CD confirmation "by mistake."

Defendant contends that Huggins' affidavit is admissible to show lack of consideration for the CD, and thus creates an issue of fact. Plaintiff, however, argues that the parol evidence rule bars admission of Huggins' affidavit. "The parol evidence rule is not a rule of evi-

**THOMPSON v. FIRST CITIZENS BANK & TR. CO.**

[151 N.C. App. 704 (2002)]

dence but of substantive law. . . . It prohibits the consideration of evidence as to anything which happened prior to or simultaneously with the making of a contract which would vary the terms of the agreement." *Harrell v. First Union Nat. Bank*, 76 N.C. App. 666, 667, 334 S.E.2d 109, 110 (1985), *aff'd*, 316 N.C. 191, 340 S.E.2d 111 (1986). "Generally, the parol evidence rule prohibits the admission of evidence to contradict or add to the terms of a clear and unambiguous contract." *Hansen v. DHL Laboratories*, 316 S.C. 505, 508, 450 S.E.2d 624, 626 (1994), *aff'd*, 319 S.C. 79, 459 S.E.2d 850 (1995). Thus, it is "assumed the [parties] signed the instrument they intended to sign[,] . . . [and, absent] evidence or proof of mental incapacity, mutual mistake of the parties, undue influence, or fraud[,] . . . the court [does] not err in refusing to allow parol evidence[.]" *Rourk v. Brunswick County*, 46 N.C. App. 795, 797, 266 S.E.2d 401, 403 (1980).

Defendant correctly states the common law principle of contract law, that parol evidence of a failure of consideration may be admissible to elucidate the terms of a contract. *Stachon & Assoc. v. Broadcasting Co.*, 35 N.C. App. 540, 241 S.E.2d 884 (1978). However, in *Stachon*, and other cases wherein parol evidence was admitted to show lack of consideration, the evidence pertained to a condition precedent that was not stated on the face of the contract, but which was a condition on which the validity of the contract depended. Therefore, the parol evidence did not contradict the contract, but merely set out the full understanding between the parties. *See Bailey v. Westmoreland*, 251 N.C. 843, 112 S.E.2d 517 (1960) (admitting evidence that promissory note was not to become binding obligation unless plaintiff received certain sum from sale or collection of another note); *Perry v. Trust Co.*, 226 N.C. 667, 40 S.E.2d 116 (1946) (notes executed upon understanding among parties, that plaintiff's uncle would pay back taxes on a certain parcel of land); *Stachon & Assoc. v. Broadcasting Co.*, 35 N.C. App. 540, 241 S.E.2d 884 (1978) (notes executed on unstated condition that plaintiff would perform certain work for defendant). In each of these cases, the parol evidence was necessary to explain the terms of the contract. However, parol evidence is not admissible to contradict the language of the contract. *Harrell v. First Union Nat. Bank*, 76 N.C. App. 666, 667, 334 S.E.2d 109, 110 (1985) (barring testimony that, notwithstanding unambiguous language in 'Letter of Consent,' an unwritten agreement modified its terms); *Rourk v. Brunswick County*, 46 N.C. App. 795, 797, 266 S.E.2d 401, 403 (1980) (evidence "in direct conflict with the

[contract] is incompetent"). In the instant case, the CD confirmation unambiguously states that plaintiff had deposited $10,000 in a CD account, and the affidavit flatly contradicts this language.

Notwithstanding the language of the CD confirmation, defendant contends that language in its "Deposit Account Agreement" booklet establishes that the CD confirmation was issued subject to a condition precedent. This document states that an account "is not opened or valid until we receive . . . the initial deposit in cash or collectible funds." The CD confirmation is, however, the document that verifies or acknowledges that this condition precedent (deposit of money) has already occurred. Therefore, the bank booklet does not raise an issue of fact.

Nor is evidence of a unilateral mistake admissible to contradict the terms of a contract. *Goodwin v. Cashwell*, 102 N.C. App. 275, 277, 401 S.E.2d 840, 840 (1991) (citation omitted) (parol evidence rule excludes consideration of unilateral error made by one party in calculations pertaining to settlement agreement; Court notes that a "unilateral mistake, unaccompanied by fraud, imposition, undue influence, or like oppressive circumstances, is not sufficient to void a contract").

We conclude that defendant's affidavit (1) directly contradicts the clear language in the contract between the parties; (2) does not demonstrate that the CD was only to become effective upon the occurrence of some future contingency; (3) alleges a unilateral mistake by defendant; and (4) is therefore inadmissible as a violation of the parol evidence rule, and thus is not proper for consideration by the Court in ruling on plaintiff's summary judgment motion. We further conclude that defendant produced no competent evidence raising a genuine issue of material fact, and that the trial court did not err in granting summary judgment in favor of plaintiff. Accordingly, the trial court's entry of summary judgment is

Affirmed.

Judges GREENE and HUDSON concur.