C. W. TAYLOR v. DONALD S. GIBBS.

(Filed 19 October, 1966.)

1. **Agriculture § 7—**
    Where an agriculture lease provides for a specified rental, with the sole provision for the reduction of rent in the event the tobacco acreage should be reduced over five per cent, the putting into effect of the "acreage-poundage control" cannot entitle lessee to a reduction in rent, it being admitted that the parties did not anticipate the putting into effect of the "acreage-poundage control" and that the lease contained no provision in regard thereto.

**2. Contracts § 12—**

    The courts must construe an unambiguous contract as written and may not under the guise of construction insert therein or delete therefrom any material provision.

APPEAL by defendant from *Bone, E.J.,* in Superior Court of LENOIR on 9 August, 1966.

The following appears from the record: On 31 August, 1964, the plaintiff Taylor "sure-rented" to Donald Gibbs, the defendant, for the year 1965, certain tobacco allotments and also sub-leased a tobacco allotment on the Maxine Quinn farm which he, the plaintiff, had on lease. The defendant agreed to pay $2,100 for the lease "providing the tobacco acreage is not reduced over 5 per cent". The defendant paid $1,785 to apply on the lease but declined to pay the remaining $315. Plaintiff brought suit to recover this balance, and the defendant admitted plaintiff's allegations but offered as a defense that since the execution of the lease agreement the "acreage-poundage control" was put into effect, and that because of it he was unable to sell all the tobacco raised on the leased premises. He says that he tendered the plaintiff a check for the $315 if the latter would sign an agreement that it would allow him (the defendant) to sell 15 per cent in excess of the poundage allotment as by law provided; that plaintiff refused and that he had to destroy in excess of $400 worth of tobacco. He contends that the acreage-poundage control development is comparable to a tobacco acreage reduction which is a condition of the lease, and denies liability on that ground.

The plaintiff moved for judgment on the pleadings and Judge Bone being of the opinion that the position of the defendant was not well taken, allowed the motion and entered judgment against him for $315 with interest, etc.

The defendant appealed.

*Aycock, LaRoque, Allen; Cheek & Hines for plaintiff appellee.*

*George R. Kornegay, Jr., Douglass P. Connor for defendant appellant.*

PER CURIAM. The contract provides for the payment of "sure-rent" by the defendant, — that is, certain and unconditional payment. It provides only one event that might relieve him: the reduction of the tobacco acreage. The defendant admits that this did not occur, but contends that putting acreage-poundage control into effect has the same result and that he should be absolved. However, in his Answer the defendant says that it was not anticipated by the parties and in his brief says "it was totally unanticipated by the parties at the time the contract was made." In substance he asks

that the plaintiff be affected by an event that was totally unanticipated by him and by the defendant. If the parties had anticipated a development or government action similar to the acreage-poundage control, it should have been inserted as a part of the agreement. Since they did not, the law cannot bind the plaintiff to an unforeseen and unexpected eventuality not within the contemplation of either party.

The case of *Weyerhaeuser Co. v. Light Co.*, 257 N.C. 717, 127 S.E. 2d 539, refers to several decisions in which the position of the lower court is upheld. From it we quote: "When the language of a contract is clear and unambiguous, effect must be given to its terms, and the court, under the guise of construction, cannot reject what the parties inserted or insert what the parties elected to omit. *Indemnity Co. v. Hood,* 226 N.C. 706, 710, 40 S.E. 2d 198. It is the province of the courts to construe and not to make contracts for the parties. *Williamson v. Miller,* 231 N.C. 722, 727, 58 S.E. 2d 743; *Green v. Ins. Co.,* 233 N.C. 321, 327, 64 S.E. 2d 162. The terms of an unambiguous contract are to be taken and understood in their plain, ordinary and popular sense. *Bailey v. Ins. Co.,* 222 N.C. 716, 722, 24 S.E. 2d 614."

Judge Bone's ruling is

Affirmed.