GORDON v. NORTHWEST AUTO AUCTION

[97 N.C. App. 88 (1990)]

JAMES GORDON, T/A G & G UNLIMITED, AND G & G UNLIMITED, INC. v.
NORTHWEST AUTO AUCTION, INC.

No. 8920DC335

(Filed 16 January 1990)

**Principal and Agent § 11 (NCI3d); Automobiles and Other Vehicles § 5.1 (NCI3d) — sale of stolen vehicle — warranty of title — warranty breached**

   A warranty by defendant auctioneer that title to a vehicle was free and clear of all liens and encumbrances could only be construed to mean a valid title, not a sham, spurious or nonexistent title; therefore, defendant breached its warranty of title when a vehicle which it sold to plaintiff was subsequently discovered to have been stolen and the North Carolina Department of Motor Vehicles returned it to its true owner. Moreover, though defendant auctioneer acted as agent for a disclosed principal, and ordinarily an agent is not liable on the principal's warranties, an agent may nevertheless make a personal contract of warranty whenever it sees fit, as the evidence established without contradiction that this agent did.

**Am Jur 2d, Auctions and Auctioneers §§ 57, 66.**

   Judge GREENE dissenting.

APPEAL by plaintiff from *Huffman, Judge*. Order entered 20 February 1989, *nunc pro tunc* 13 October 1988, in District Court, RICHMOND County. Heard in the Court of Appeals 6 November 1989.

   *Sharpe & Buckner, by Richard G. Buckner, for plaintiff appellant.*

   *Weinstein & Sturges, by W. H. Sturges and L. Holmes Eleazer, Jr., for defendant appellee.*

PHILLIPS, Judge.

   In February 1985, plaintiff, a Richmond County automobile dealer, for $3,420 bought what was represented to be a 1977 Cadillac automobile at an automobile auction conducted by defendant. He received an executed document on defendant's printed form entitled "Bill of Sale and Title Warranty," which carried the notation that it was issued at Northwest Auto Auction, and stated "THIS

GORDON v. NORTHWEST AUTO AUCTION

[97 N.C. App. 88 (1990)]

SALE IS SOLELY A TRANSACTION BETWEEN THE BUYING AND SELLING DEALERS." *Inter alia*, the document identified plaintiff as purchaser and Archie's Auto Sales of Rock Hill, South Carolina as seller, and that:

> The seller covenants with the purchaser that he is the true and lawful owner of the said described automobile; that the same is free from all encumbrances; that he has good right and full power to sell the same as aforesaid; and that he will warrant and defend the same against the lawful claims and demands of all persons whomsoever. The purchaser agrees that he has examined the above vehicle and accepts it in its present condition.

> We, NORTHWEST AUTO AUCTION of Charlotte, N. C. guarantee title to the above car to be free and clear of all liens and encumbrance at the time of execution of this instrument. Limit of liability not [to] exceed purchase price of car as shown above, this value to be depreciated 2% per month for a period of four years. "WE MAKE NO WARRANTY TO THE MECHANICAL CONDITION OF SAID CAR."

In the transaction plaintiff paid defendant auction company the sale price of $3,420 plus a $20 buyer's fee, and received the car and the purported title to it. Several months later, after plaintiff had cleaned up the car and sold it for $3,900, the North Carolina Department of Motor Vehicles discovered that it was a 1976 Cadillac that had been stolen in Atlanta in 1984 and returned it to its true owner; and plaintiff gave its customer another car of equal value.

In suing to recover his loss plaintiff alleged that defendant auction company breached its warranty of title to the vehicle; the case was tried without a jury by Judge Huffman, who entered judgment for defendant. In doing so he (1) refused to receive into evidence testimony by several used car dealers to the effect that the foregoing warranty by the auctioneer is understood by auction attending and buying automobile dealers to be a warranty of title; (2) found facts somewhat as stated above; and (3) concluded as a matter of law that:

> Defendant never guaranteed the title to the automobiles sold, but rather only guaranteed that 'title to be free and clear of all liens and encumbrance' and the fact that the automobile

GORDON v. NORTHWEST AUTO AUCTION

[97 N.C. App. 88 (1990)]

in question was, in fact, a stolen automobile, does not constitute a 'lien or encumbrance.' Defendant is not in breach of the only covenant which it made to the Plaintiff.

Elsewhere in what was designated as a finding of fact the court also concluded as a matter of law that:

This Warranty by Northwestern (sic) does not guarantee that the Seller is the true and lawful owner of the automobile or that the Seller has the good, right and full power to sell the automobile. This warranty only guarantees that the automobile is free from liens and encumbrances.

The mislabeled finding of fact, as the other conclusion of law, is not binding on us. *Fairchild Realty Co. v. Spiegel, Inc.*, 246 N.C. 458, 98 S.E.2d 871 (1957). It is also factually erroneous since defendant's warranty was not "that the *automobile* is free from liens and encumbrances," or even that the certificate on hand was without encumbrance, but that "*title* to the car" (emphasis supplied), a different matter altogether, was free and clear; and those words can only be construed to mean a valid title, not a sham, spurious or nonexistent title. Since the execution of the document is admitted and its terms are without ambiguity, their meaning is a question of law for us, *Briggs v. American & Efird Mills, Inc.*, 251 N.C. 642, 111 S.E.2d 841 (1960), and they plainly mean that defendant warranted that the seller of the automobile had *title* to it. Defendant's argument that it only warranted that there was no lien on the title *if* the seller happened to have one is absurd; for there can be no lien on a nonexistent or fictitious title or a need for a warranty against them.

Though it is true, as defendant maintains, that as auctioneer it acted as agent for a disclosed principal, Archie's Auto Sales, and ordinarily an agent is not liable on the principal's warranties, an agent may nevertheless make a personal contract of warranty whenever it sees fit, 3 Am. Jur. 2d *Agency* Sec. 308 (1986), and the evidence establishes without contradiction that this agent did so. For the obvious and profitable purpose of inducing dealers to buy cars at its automobile auction sales business, defendant regularly delivered an executed warranty form to each buyer, and the consideration that supported the warranty was the $20 fee it collected from each buyer. That the language of the warranty is not as explicit as it might be is immaterial. For "[a]n express warranty may arise by implication. It need not be expressly stated,

GORDON v. NORTHWEST AUTO AUCTION

[97 N.C. App. 88 (1990)]

provided that what is stated reasonably conveys the warranty." 67A Am. Jur. 2d *Sales* Sec. 738 (1985). In this instance defendant's express warranty that "*title* to the above car" (emphasis supplied) was free and clear of all liens and encumbrances necessarily carried with it an express warranty by implication that the seller had a title to which a lien or encumbrance could attach. To construe it otherwise would have the absurd and incongruous effect of making the warranty of some value when the seller's title was blemished to some extent, but worthless when the seller had no title at all. Thus, the judgment entered for defendant is vacated and the case remanded to the District Court for the determination of plaintiff's damages and the entry of judgment for him.

In view of our holding we need not determine whether the court also erred in refusing to receive the evidence plaintiff offered as to the usages and practices in the trade of auctioning automobiles to automobile dealers.

Vacated and remanded.

Judge BECTON concurs.

Judge GREENE dissents.

Judge GREENE dissenting.

I disagree with the conclusion of the majority that the defendant auction company "warranted that the seller of the automobile had *title* to it." The warranty executed by the defendant guaranteed only that title to the automobile was "free and clear of all liens and encumbrances." It did not guarantee that the seller had that title. The owner of the automobile, the seller, did however in a separate agreement, covenant that he was "the true and lawful owner" of the automobile.

I find the language of the warranty to be clear and unambiguous, and this court cannot, as the majority has done, "insert what the parties elected to omit." *Taylor v. Gibbs*, 268 N.C. 363, 365, 150 S.E.2d 506, 507 (1966). The clear language of the contract placed the burden of defective title on the seller, and no one here contends that the defendant was the seller. Furthermore, I find no error in the trial court's exclusion of plaintiff's evidence from other automobile dealers as to the meaning in the "trade" of the

disputed contract language. While custom and trade usage may
be good evidence to explain the terms of an ambiguous contract,
such evidence is "never admitted to make a new contract or to
add a new element to one previously made." *Lester v. Thompson,*
261 N.C. 210, 218, 134 S.E.2d 372, 378 (1964).

Finding no error in the trial, I would affirm.