CHEMIMETALS PROCESSING, INC., Plaintiff v. FRANK L. SCHRIMSHER, ROBERT L. LINDSEY, JR. and HOWARD H. BRADSHAW, JR., Defendants and Third-Party Plaintiffs; and JAMES R. MIDDLESWARTH, EDWARD BOWERS and MIDDLESWARTH, BOWERS & COMPANY, L.L.P., Defendants v. JEFFREY W. McENENY and VIBRA-CHEM COMPANY, Third-Party Defendants

No. COA99-880

(Filed 19 September 2000)

**Release— breach of duty of care—breach of fiduciary duty— diversion of profits and labor by former president—release bars subsequent claims—same injury**

Even though the plain terms of the release previously executed by plaintiff corporation and its former president and a second corporation in a prior action seeking damages for monetary loss due to the purported diversion of profits and labor from plaintiff corporation by its former president does not bar plaintiff's second action for breach of duty of care and breach of fiduciary duty against defendants, the board of directors of plaintiff corporation and CPAs employed to conduct independent audits of the company, the trial court properly entered summary judgment in favor of defendants because the release bars plaintiff's claims in any subsequent actions against the remaining defendants arising out of the same injury.

Appeal by plaintiff from order entered 21 April 1999 by Judge Marcus L. Johnson in Mecklenburg County Superior Court. Heard in the Court of Appeals 19 April 2000.

*Arthurs & Foltz, by Douglas P. Arthurs, and Whitesides & Kenny, by Henry M. Whitesides, for the plaintiff-appellant.*

*John A. Mraz, P.A., by John A. Mraz, for defendants and third-party plaintiff-appellees Frank L. Schrimsher, Robert L. Lindsey, Jr. and Howard H. Bradshaw, Jr.*

*Carruthers & Roth, P.A., by Michael J. Allen, for defendant-appellees James R. Middleswarth, Edward Bowers and Middleswarth, Bowers & Company, L.L.P.*

*James, McElroy & Diehl, P.A., by Bruce M. Simpson, for third-party defendant-appellees Jeffrey W. McEneny and Vibra-Chem Company.*

LEWIS, Judge.

In this appeal, our sole task is to determine whether a release executed between plaintiff Chemimetals Processing, Inc. and third-party defendants in this action, Jeffrey W. McEneny and Vibra-Chem Company, bars plaintiff's claims in a subsequent action against the remaining defendants in this appeal.

The significant course of events leading up to this appeal are as follows. In 1986, the owner of Chemimetals Processing, Inc. ("Chemimetals") entered into an agreement with Jeffrey W. McEneny ("McEneny"), the president of Vibra-Chem Company ("Vibra-Chem"), and Vibra-Chem to market a product developed and sold by Chemimetals. At the time, both companies were engaged in the manufacture and marketing of chemical compounds used for the accelerated removal of metals in chemical milling processes. In 1988, while McEneny was president of Vibra-Chem, he entered into an agreement with Chemimetals to become its president. Under this arrangement, Chemimetals would manufacture the product and Vibra-Chem would distribute it exclusively. Profits from the sale of this product were to be divided fifty-five percent (55%) to Chemimetals and forty-five percent (45%) to Vibra-Chem. McEneny would supervise the manufacture and distribution under both. McEneny was president of both Chemimetals and Vibra-Chem until July 1995, when he was relieved of his duties as president of Chemimetals.

In August 1995, Chemimetals instituted an action against Vibra-Chem and McEneny seeking to recover actual and treble damages for alleged breach of contract, breach of fiduciary duty and unfair and deceptive trade practices ("first action"). The factual allega-

tions underlying these claims included: McEneny failed to pay Chemimetals a share of its proceeds from product sales at least in the amount of $190,786.33, McEneny collected compensation under certain agreements between Chemimetals and Vibra-Chem before he was entitled to do so, McEneny caused Chemimetals to pay him for services for which he was not entitled to collect and McEneny utilized equipment and personnel of Chemimetals for the benefit of Vibra-Chem without compensating Chemimetals.

On 14 July 1997, before the case proceeded to trial, Chemimetals entered into a "Settlement Agreement and Mutual Release" ("the release") with Vibra-Chem and McEneny in the amount of $600,000. The release provides that Chemimetals and its officers:

> Release[d] and discharge[d] [Vibra-Chem and McEneny], their respective attorneys, agents, employees, representatives, officers, directors, affiliated entities, subsidiaries, parent companies, successors and assigns, from any and all claims or causes of action, legal or equitable, know or unknown, arising out of [the course of dealing between Chemimetals and Vibra-Chem from 1986 to 1995] and acknowledge that all claims that have been brought, or could have been brought, by [Chemimetals] are satisfied, discharged and settled.

In further consideration for this settlement amount, Chemimetals agreed to dismiss the first action with prejudice.

In June 1998, Chemimetals instituted an action against Frank L. Schrimsher, Robert L. Lindsey, Jr., Howard H. Bradshaw, Jr. ("board of directors") and James R. Middlesworth, Edward Bowers and Middlesworth, Bowers & Company, L.L.P. ("CPAs"), who were employed by Chemimetals' board of directors in 1991 to conduct audits of Chemimetals ("second action"). In this second action, Chemimetals sought actual damages for theories of negligence, including breach of duty of care and breach of fiduciary duty. The factual allegations underlying these claims are nearly identical to those alleged in the first action. However, in the second action, Chemimetals essentially asserts the board of directors and CPAs breached their respective duties by ultimately failing to "appreciate" Chemimetals' declining economic value due to the improper actions of McEneny. Defendant CPAs were employed by Chemimetals to conduct an independent audit of the company for the fiscal years ending in 1991, 1992, 1993, 1994 and 1995. Chemimetals asserted the board of directors and CPAs conspired to present misleading audited financial

statements overstating the assets on the balance sheet for the fiscal years ending 30 April 1992, 1993 and 1994.

On 3 December 1998 and 1 April 1999, respectively, the board of directors and CPAs moved for summary judgment, pleading the previous settlement agreement between Chemimetals, Vibra-Chem and McEneny as a bar to the action against them. On 21 April 1999, the court granted their motions for summary judgment, and also concluded in its order that the summary judgment ruling rendered moot the claims against third-party defendants Vibra-Chem and McEneny. Chemimetals appeals from that order.

On appeal, Chemimetals argues the language of the release clearly limits the scope of the release to the claims asserted by Chemimetals against McEneny and Vibra-Chem in the first action, and does not bar them from asserting the second action against the board of directors and CPAs. Releases are contractual in nature and their interpretation is governed by the same rules governing interpretation of contracts. *Hotel Corp. v. Taylor and Fletcher v. Foremans Inc.*, 45 N.C. App. 229, 234, 262 S.E.2d 869, 873, *rev'd on other grounds*, 301 N.C. 200, 271 S.E.2d 54 (1980). The scope and extent of the release should be governed by the intention of the parties, which must be determined by reference to the language, subject matter and purpose of the release. *Id.* The release provisions here only bar Chemimetals from asserting future claims or causes of action arising out of the factual allegations in the first action against Vibra-Chem and McEneny. Further, defendants in the second action do not fall within any of those persons or entities denominated within the release. Thus, the plain terms of the release indicate its scope does not bar the second action. *Cf. Sykes v. Keiltex Industries, Inc.*, 123 N.C. App. 482, 485, 473 S.E.2d 341, 343 (1996) (holding a valid *general* release where plaintiff surrendered all claims or causes of action against "all other persons, firms, corporations, associations or partnerships" barred all claims against *any* future defendants arising out of the same subject matter).

However, Chemimetals' reliance on the plain language of the release in this case does not end our inquiry. It is well-settled that although Chemimetals is entitled to full recovery for its damages, Chemimetals is not entitled to a "double recovery" for the same loss or injury. *Markham v. Nationwide Mut. Fire Ins. Co.*, 125 N.C. App. 443, 455, 481 S.E.2d 349, 357, *disc. review denied*, 346 N.C. 281, 487 S.E.2d 551 (1997). Although the rule preventing more than one recovery for the same injury has been cited most commonly in cases

involving joint tortfeasors, *see, e.g., Simpson v. Plyler*, 258 N.C. 390, 394-95, 128 S.E.2d 843, 846-47 (1963); *Ottinger v. Chronister*, 13 N.C. App. 91, 95-96, 185 S.E.2d 292, 295 (1971), it has been cited in cases which do not involve joint tortfeasors, *see, e.g., Knight Publ'g Co. v. Chase Manhattan Bank, N.A.*, 137 N.C. App. 27, 34, 527 S.E.2d 80, 85 (2000) (Wynn, J., dissenting); *Markham*, 125 N.C. App. at 455, 481 S.E.2d at 357; *Duke University v. St. Paul Mercury Ins. Co.*, 95 N.C. App. 663, 681, 384 S.E.2d 36, 47 (1989).

Chemimetals has suffered but one injury in this case—monetary loss due to the purported diversion of profits and labor from Chemimetals by McEneny. Under the facts as alleged by Chemimetals, all actions in the course of events leading to financial demise of Chemimetals were concurrent. Chemimetals' monetary loss, which was the injury created by McEneny's scheme, is the same injury caused by the alleged failure of the board of directors and CPAs to notice McEneny's unlawful acts. That only one injury occurred is in no way altered by the fact that the board of directors and CPAs may have been guilty of separate wrongdoing. Moreover, in its second complaint against the board of directors and CPAs, Chemimetals seeks recovery for its *actual* losses resulting from the company's decline in income. By entering the $600,000 settlement Chemimetals was compensated for those same losses in the first action, where they were alleged to total $190,786.33. Chemimetals may not assert a second action seeking to collect for those losses against the board of directors and CPAs. *Cf. Knight Publ'g Co.*, 137 N.C. App. at 35, 527 S.E.2d at 85 (Wynn, J., dissenting). Accordingly, the trial court properly entered summary judgment in favor of all defendants.

Given our disposition and in light of the release executed expressly in favor of Vibra-Chem and McEneny, we conclude the trial court properly dismissed the second action as to third-party defendants Vibra-Chem and McEneny.

Our disposition in this case renders it unnecessary to address the remaining arguments. The trial court properly entered summary judgment in favor of defendants.

Affirmed.

Judges MARTIN and WALKER concur.