OPINION
{¶ 1} Plaintiff-appellant, Hanlin-Rainaldi Construction Corporation ("Hanlin-Rainaldi"), appeals from a judgment of the Franklin County Court of Common Pleas that granted partial summary judgment in favor of defendant-appellee, Jeepers!, Inc. ("Jeepers"). For the following reasons, we affirm.
 {¶ 2} Jeepers owns and operates indoor animated theme parks that are designed to serve families with children who are 12 years old or younger. Within these indoor animated theme parks are amusement park rides, soft play areas, skill games, and family dining.
 {¶ 3} In August 1999, Jeepers and Concord Mills Limited Partnership ("Concord Mills") entered into a ten-year lease agreement with the intention that Jeepers would operate a business establishment at a leasehold in Concord Mills Mall in Concord, North Carolina. Under this agreement, after Jeepers satisfied conditions precedent, Concord Mills apparently agreed to pay Jeepers an allowance for construction improvements.
 {¶ 4} In August 1999, Jeepers also entered into an agreement with Hanlin-Rainaldi, an Ohio corporation that Jeepers apparently had retained on several previous occasions for other construction projects. According to this agreement, Jeepers agreed to pay $1,100,000 to Hanlin-Rainaldi for upfitting the leasehold at Concord Mills Mall.
 {¶ 5} Effective August 1999, Jeepers also contracted with Win Associates, Inc. ("Win Associates"), a general contractor in North Carolina. According to this agreement, Jeepers appointed Win Associates to be the general contractor for the Concord Mills Mall project and directed them to use Hanlin-Rainaldi as the major prime contractor for the Concord Mills Mall project. The project agreement between Jeepers and Win Associates also required, among other things, that Jeepers: (1) assign its agreement with Hanlin-Rainaldi to Win Associates for the purpose of satisfying North Carolina licensing and permit requirements; (2) pay the contract sum as provided in its agreement with Hanlin-Rainaldi directly to Hanlin-Rainaldi; and (3) pay a management fee to Win Associates.
 {¶ 6} Jeepers, however, failed to pay Hanlin-Rainaldi for services rendered, thereby breaching its agreement with Hanlin-Rainaldi. To perfect its interest, Hainlin-Rainaldi filed a lien in North Carolina against the leasehold.
 {¶ 7} In May 2000, desiring to settle any and all claims resulting from the construction project that the parties had against each other, Jeepers and Hanlin-Rainaldi entered into a settlement agreement,[1] wherein Jeepers acknowledged it owed $708,084 to Hanlin-Rainaldi. Pursuant to this agreement, Jeepers promised to pay $440,000 upon execution of the agreement, with the remaining balance to be paid by: (1) a promissory note in the amount of $160,000 ("Note 1"); and (2) a cognovit note in the amount of $108,084. In exchange, Hanlin-Rainaldi agreed to release the lien against the leasehold at Concord Mills Mall.[2]
 {¶ 8} Jeepers failed to pay the $440,000 that it promised to pay upon execution of the May 2000 settlement agreement. Thereafter, Hanlin-Rainaldi sued Jeepers, Concord Mills, and Win Associates in a North Carolina court.
 {¶ 9} Additionally, although Jeepers made payments towards satisfying its obligation under Note 1, which continued until 2002,[3] Jeepers ultimately failed to totally satisfy its obligation under Note 1. Jeepers did, however, satisfy the cognovit note.
 {¶ 10} In August 2001, Hanlin-Rainaldi, Jeepers, and Concord Mills entered into a settlement agreement to resolve disputed claims. Concurrent with the execution of this settlement agreement, Jeepers executed two promissory notes to Hanlin-Rainaldi in the amount of $165,000 ("Note 2") and $75,000 ("Note 3"), respectively. Additionally, concurrent with the execution of the second agreement, Concord Mills agreed to put $75,000 in escrow for the benefit of Jeepers to be disbursed to Hanlin-Rainaldi after it released its lien and dismissed its lawsuit. Hanlin-Rainaldi acknowledges that it received the $75,000 that was held in escrow; however, according to Hanlin-Rainaldi, Jeepers defaulted on Notes 2 and 3.
 {¶ 11} On May 20, 2002, Hanlin-Rainaldi sued Jeepers in the Franklin County Court of Common Pleas, asserting five causes of action, that Jeepers: (1) wrongfully withheld payment under Note 1 and was liable for all amounts due under this note; (2) wrongfully withheld payment under Note 2 and was liable for all amounts due under this note; (3) wrongfully withheld payment under Note 3 and was liable for all amounts due under this note; (4) materially breached the agreement of August 2001 and was liable for the balances due under Notes 2 and 3; and (5) had been unjustly enriched and was liable in an amount equal to the outstanding balances that were due under Notes 1, 2, and 3. Jeepers answered the complaint, wherein it admitted to executing the notes but generally denied other allegations in the complaint.
 {¶ 12} Hanlin-Rainaldi later moved for summary judgment as to all claims. Jeepers opposed this motion.
 {¶ 13} Later, Jeepers moved for summary judgment concerning Hanlin-Rainaldi's claims that arose under the August 2001 agreement and Notes 2 and 3, claiming that the agreement and Notes 2 and 3 were executed under economic duress. In the alternative, Jeepers sought judgment relating to Note 1, claiming that the agreement discharged Jeepers of this debt. Hanlin-Rainaldi opposed Jeepers' motion for summary judgment.
 {¶ 14} On April 1, 2003, the trial court rendered a decision, wherein it granted in part and denied in part Hanlin-Rainaldi's motion for summary judgment and granted Jeepers' motion for summary judgment; however, this decision was later vacated. Pursuant to Civ.R. 53 and local rule, the trial court later referred the matter to a magistrate for a mediation conference. After reaching an impasse, the matter was referred for further motion practice and trial preparation.
 {¶ 15} On July 24, 2003, the trial court rendered judgment wherein it granted in part and denied in part both Hanlin-Rainaldi's and Jeepers' motions for summary judgment. In its judgment, the trial court found in favor of Hanlin-Rainaldi concerning its claims that Jeepers breached the August 2001 agreement and was liable to Hanlin-Rainaldi under Notes 2 and 3. However, the trial court found in favor of Jeepers as to Hanlin-Rainaldi's claims that Jeepers failed to satisfy its obligation under Note 1 and Jeepers was unjustly enriched. From this judgment, Hanlin-Rainaldi appeals and asserts a single assignment of error:
The trial court erred as a matter of law in applying the parol evidence rule to bar evidence of Appellee's subsequent conduct.
 {¶ 16} In its reply brief, Hanlin-Rainaldi alternatively asserts:
The trial court erred as a matter of law by failing to consider evidence of Appellee's subsequent payments on the note to show intent and meaning, including whether such conduct constituted a modification or waiver of the terms of the release language in the settlement agreement.
 {¶ 17} We will first address which substantive law and procedural law apply to this cause.
 {¶ 18} The Supreme Court of Ohio has held:
The law of the state chosen by the parties to govern their contractual rights and duties will be applied unless either the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice, or application of the law of the chosen state would be contrary to the fundamental policy of a state having a greater material interest in the issue than the chosen state and such state would be the state of the applicable law in the absence of a choice by the parties.
Schulke Radio Productions, Ltd. v. Midwestern BroadcastingCo. (1983), 6 Ohio St.3d 436, syllabus; see, also, Jarvis v.Ashland Oil, Inc. (1985), 17 Ohio St.3d 189, syllabus; Restatement of the Law 2d, Conflict of Laws (1971) 561, Section 187. Accord Torres v. McClain (2000), 140 N.C. App. 238, 241, quoting Behr v. Behr (1980), 46 N.C.App. 694, 696,266 S.E.2d 393, citing Restatement of the Law 2d, Conflict of Laws (1971) 561, Section 187 (stating that "[t]he parties' choice of law is generally binding on the interpreting court as long as they had a reasonable basis for their choice and the law of the chosen State does not violate a fundamental policy of the state of otherwise applicable law.").
 {¶ 19} Section 9f. of Hanlin-Rainaldi, Jeepers, and Concord Mills' August 2001 agreement provides that: "This Agreement shall be governed by the laws of the State of North Carolina." In this case, North Carolina is the locus of Jeepers' leasehold and the construction project, and we find it is the forum with the most significant contacts to the case. Accordingly, we conclude North Carolina has a substantial relationship to the settlement agreement, and there exists a reasonable basis for the parties' choice of law provision in their contract. Furthermore, based upon our review of the record, we cannot conclude that Ohio would have a greater material interest than North Carolina in the outcome of this case. Accordingly, we conclude North Carolina substantive law applies to the August 2001 agreement.
 {¶ 20} Furthermore, because traditional choice of law principles provide that the law of the forum state governs on procedural matters, Keeton v. Hustler Magazine, Inc. (1984),465 U.S. 770, 778, fn. 10, 104 S.Ct. 1473; Lawson v. Valve-TrolCo. (1991), 81 Ohio App.3d 1, 4, jurisdictional motion overruled, 61 Ohio St.3d 1422; Restatement of the Law 2d, Conflict of Laws (1971) 350, Section 122, we conclude Ohio procedural law applies to this cause.
 {¶ 21} In its reply brief, Hanlin-Rainaldi has asserted an alternative assignment of error, namely, that the August 2001 agreement was modified or, alternatively, that release language in this agreement was waived.
 {¶ 22} "[A] reply brief is merely an opportunity to reply to the brief of appellee. * * * A reply brief may not raise new assignments, which were omitted from appellant's original brief, especially where leave to file a new assignment was not sought from this court." Calex Corp. v. United Steelworkers of America
(2000), 137 Ohio App.3d 74, 80, dismissed, appeal not allowed,89 Ohio St.3d 1465; see, also, Trout v. Ohio Dept. of Edn.,
Franklin App. No. 02AP-783, 2003-Ohio-987, at ¶ 26; Belcher v.Ohio State Racing Comm., Franklin App. No. 03AP-786, 2004-Ohio-1278, at ¶ 18, appeal not allowed, 103 Ohio St.3d 1405;Julian v. Creekside Health Ctr., Mahoning App. No. 03MA21, 2004-Ohio-3197, at ¶ 81; Tipp City v. Watson, Miami App. No. 02CA43, 2003-Ohio-4836, at ¶ 28; Brouse v. Old Phoenix Natl.Bank of Medina (1985), 25 Ohio App.3d 9, 10, fn. 1; Sheppard v.Mack (1980), 68 Ohio App.2d 95, 97, fn. 1. See, also, App.R. 16(A)(3) and (C).
 {¶ 23} Additionally, "[i]ssues not raised in the lower court and not there tried and which are completely inconsistent with and contrary to the theory upon which appellants proceeded below cannot be raised for the first time on review." Republic SteelCorp. v. Cuyahoga Cty. Bd. of Revision (1963), 175 Ohio St. 179, syllabus; see, also, State ex rel. Gutierrez v. Trumbull Cty.Bd. of Elections (1992), 65 Ohio St.3d 175, 177 (observing that "[a]ppellant cannot change the theory of his case and present these new arguments for the first time on appeal"); Shaffer v.OhioHealth Corp., Franklin App. No. 03AP-102, 2004-Ohio-63, at ¶ 13; State ex rel. Phillips v. Capots (Sept. 22, 1994), Franklin App. No. 94APE04-499, citing Miller v. Wikel Mfg. Co., Inc.
(1989), 46 Ohio St.3d 76, 78.
 {¶ 24} In the instant case, although this court granted Hanlin-Rainaldi's motion for leave to file a reply brief, Hanlin-Rainaldi did not seek leave to assert an alternative assignment of error in its reply brief. Additionally, before the trial court, Hanlin-Rainaldi did not raise whether Jeepers' payments on Note 1 following the August 2001 agreement constituted a modification or waiver of the release language in the settlement agreement. Accordingly, we conclude that Hanlin-Rainaldi's alternative assignment of error as asserted in its reply brief is improperly raised. Therefore, finding that Hanlin-Rainaldi's alternative assignment of error is improperly raised, we decline to address it.
 {¶ 25} Appellate review of a lower court's granting of summary judgment is de novo. Mitnaul v. Fairmount PresbyterianChurch, 149 Ohio App.3d 769, 2002-Ohio-5833, at ¶ 27. "`Denovo review means that this court uses the same standard that the trial court should have used, and we examine the evidence to determine whether as a matter of law no genuine issues exist for trial.'" Id., quoting Brewer v. Cleveland Bd. of Edn. (1997),122 Ohio App.3d 378, citing Dupler v. Mansfield Journal Co.,Inc. (1980), 64 Ohio St.2d 116, 119-120, certiorari denied (1981), 452 U.S. 962, 101 S.Ct. 3111.
 {¶ 26} Summary judgment is proper when a movant for summary judgment demonstrates: (1) no genuine issue of material fact exists; (2) the movant is entitled to judgment as a matter of law; and (3) reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence most strongly construed in its favor. Civ.R. 56; State ex rel. Grady v. State Emp. Relations Bd. (1997),78 Ohio St.3d 181, 183.
 {¶ 27} Under Civ.R. 56(C), a movant bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record demonstrating the absence of a material fact. Dresher v. Burt (1996),75 Ohio St.3d 280, 293. Once a movant discharges its initial burden, summary judgment is appropriate if the nonmoving party does not respond, by affidavit or as otherwise provided in Civ.R. 56, with specific facts showing that a genuine issue exists for trial. Id.; Vahila v. Hall (1997), 77 Ohio St.3d 421, 430; Civ.R. 56(E).
 {¶ 28} In its assignment of error, Hanlin-Rainaldi asserts the trial court erred when it applied the parol evidence rule to bar Jeepers' subsequent conduct when determining that the August 2001 agreement released Jeepers of its obligations under Note 1.
 {¶ 29} "`The parol evidence rule is not a rule of evidence but of substantive law. . . . It prohibits the consideration of evidence as to anything which happened prior to or simultaneously with the making of a contract which would vary the terms of the agreement.'" Thompson v. First Citizens Bank Trust Co.
(2002), 151 N.C.App. 704, 708-709, 567 S.E.2d 184, quotingHarrell v. First Union Natl. Bank (1985), 76 N.C.App. 666, 667,334 S.E.2d 109, 110, affirmed (1986), 316 N.C. 191,340 S.E.2d 111. Accord Ed Schory Sons, Inc. v. Society Natl. Bank
(1996), 75 Ohio St.3d 433, 440; Natl. City Bank, Akron v.Donaldson (1994), 95 Ohio App.3d 241, 244-245. "`Generally, the parol evidence rule prohibits the admission of evidence to contradict or add to the terms of a clear and unambiguous contract.'" Thompson, supra, at 709, quoting Hansen v. DHLLaboratories (1994), 316 S.C. 505, 508, 450 S.E.2d 624, affirmed (1995), 319 S.C. 79, 459 S.E.2d 850. Accord Citicasters Co. v.Bricker Eckler, L.L.P., 149 Ohio App.3d 705, 2002-Ohio-5814, at ¶ 7.
 {¶ 30} Based upon our review, we find that the trial court did not expressly apply the parol evidence rule when it construed the August 2001 agreement. Therefore, we find Hanlin-Rainaldi's contention that the trial court improperly applied the parol evidence rule is misplaced.
 {¶ 31} However, to the extent that Hanlin-Rainaldi asserts that the trial court misconstrued or misapplied, or both, the agreement, as between Hanlin-Rainaldi and Jeepers, we review de novo the trial court's determination.
 {¶ 32} "Under North Carolina law, `[w]hen the language of the contract is clear and unambiguous, construction of the agreement is a matter of law for the court[,] and the court cannot look beyond the terms of the contract to determine the intentions of the parties.'" Financial Services of Raleigh, Inc. v. Barefoot
(2004), 163 N.C.App. 387, 594 S.E.2d 37, 42, quoting PiedmontBank Trust Co. v. Stevenson (1986), 79 N.C.App. 236, 240,339 S.E.2d 49, (internal citations omitted), affirmed per curiam,317 N.C. 330, 344 S.E.2d 788; see, also, Helms v. Schultze (2003),161 N.C.App. 404, 409, 588 S.E.2d 524. Therefore, "`[i]t must be presumed the parties intended what the language used clearly expresses, and the contract must be construed to mean what on its face it purports to mean.'" Barefoot, at 43, quoting HartfordAcc. Indem. Co. v. Hood (1946), 226 N.C. 706, 710,40 S.E.2d 198 (internal citations omitted).
 {¶ 33} According to section 5a. of the August 2001 agreement:
Hanlin, and its parent, subsidiary, and affiliate corporations, and their respective shareholders, partners, directors, officers, employees, insurers, representatives, and agents, and their respective heirs, successors, and assigns, hereby release and discharge Jeepers and Concord Mills, and each of their parent, subsidiary, and affiliate corporations, and their respective shareholders, partners, directors, officers, employees, insurers, representatives, subcontractors, suppliers, and agents, and their respective heirs, successors, and assigns, and from any and all obligations, liabilities, damages, claims, costs, expenses, and attorneys' fees (whether known or unknown) arising out of or relating in any manner to the upfit of the Jeepers' facilities in the Concord Mills Mall and in Southfield, Michigan.
 {¶ 34} Furthermore, pursuant to section 9c. of the agreement: "This Agreement represents the entire agreement between the Parties with respect to the settlement of the dispute between them, and it supersedes all prior discussions, representations, and/or negotiations. This Agreement shall not be amended except in a writing signed by both of the Parties."
 {¶ 35} Thus, applying the plain language of the agreement, we must determine whether Jeepers' obligation under Note 1 is an obligation, liability, claim, or cost that arises out of or relates in any manner to the upfit of Jeepers' facility in the Concord Mills Mall.
 {¶ 36} Jeepers' obligation under Note 1 arose pursuant to a May 2000 agreement. Under this agreement, Hanlin-Rainaldi and Jeepers expressly desired to settle any and all claims against each other that resulted from the construction project in Concord, North Carolina. Pursuant to this agreement, Jeepers executed Note 1.
 {¶ 37} Accordingly, we conclude that Jeepers' obligation under Note 1 relates to the upfit of Jeepers' facility in the Concord Mills Mall, and it is an obligation that arises out of or relates to the upfit of the construction project in the Concord Mills Mall.
 {¶ 38} Because Jeepers' obligation under Note 1 arises out of or relates to the upfit of the construction project in the Concord Mills Mall, we further conclude, as a matter of law, that section 5a. of the August 2001 agreement applies and releases Jeepers from its obligation under Note 1. See, generally,Barefoot, supra, at 42, citing Chemimetals Processing, Inc. v.Schrimsher (2000), 140 N.C.App. 135, 138, 535 S.E.2d 594
(applying principles governing interpretation of contracts when construing a release); Adder v. Holman Moody, Inc. (1975),288 N.C. 484, 492, 219 S.E.2d 190.
 {¶ 39} Nevertheless, Hanlin-Rainaldi asserts that it was not the parties' intention that Jeepers' obligation under Note 1 would be discharged by the August 2001 agreement.
 {¶ 40} Under North Carolina law, "[w]here the provisions of a contract are plainly set out, the court is not free to disregard them and a party may not contend for a different interpretation on the ground that it does not truly express the intent of the parties." Dixon, Odom Co. v. Sledge (1982), 59 N.C.App. 280,284, 296 S.E.2d 512, citing Taylor v. Gibbs (1966),268 N.C. 363, 150 S.E.2d 506.
 {¶ 41} Here, section 5a. of the August 2001 agreement plainly and unambiguously discharges Jeepers' obligation under Note 1. Finding that this provision of the contract is plainly set out, we are not free to disregard it on the grounds that it does not truly express the parties' intent.
 {¶ 42} Accordingly, Hanlin-Rainaldi's argument that it was not the parties' intention that Jeepers' obligation under Note 1 would be discharged by the August 2001 agreement is unpersuasive.
 {¶ 43} Therefore, having concluded that Hanlin-Rainaldi's contention that the trial court erred when it applied the parol evidence rule to bar Jeepers' subsequent conduct is misplaced and having concluded that section 5a. of the August 2001 agreement plainly and unambiguously applies to discharge Jeepers' obligation under Note 1, we therefore overrule Hanlin-Rainaldi's sole assignment of error.
 {¶ 44} Accordingly, having overruled Hanlin-Rainaldi's sole assignment of error, and having found that Hanlin-Rainaldi's alternative assignment of error in its reply brief was improperly raised, we therefore affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
Klatt and Wright, JJ., concur.
Wright, J., retired of the Supreme Court of Ohio, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.
[1] Jeepers has correctly observed that the copy of the May 2000 agreement in the record was not signed or dated by Hanlin-Rainaldi and lacked some exhibits that were referenced in the settlement agreement. (Jeepers' Reply Memorandum in Support of Its Motion for Summary Judgment, at 4.) Nevertheless, before the trial court, Jeepers did not affirmatively deny that it was a party to this settlement agreement, nor did it move to strike this copy of the purported settlement agreement. See, generally,Churchwell v. Red Roof Inns, Inc. (Mar. 24, 1998), Franklin App. No. 97APE08-1125, at fn. 1.
[2] According to Jeepers, Hanlin-Rainaldi did not remove its lien until after Hanlin-Rainaldi filed suit in North Carolina and another settlement agreement in August 2001 was executed. (Jeepers' Reply Memorandum in Support of Its Motion for Summary Judgment, at 4, fn. 3.)
[3] According to Hanlin-Rainaldi, Jeepers failed to make a monthly payment on April 15, 2002, and then failed to make any subsequent payments. (Affidavit of Kristy Krull, Comptroller of Hanlin-Rainaldi, dated October 30, 2002, at ¶ 7.) Jeepers admits it made payments in January and February 2002. (Reply Memorandum of Defendant Jeepers!, Inc. in Support of its Motion For Summary Judgment, at 7, fn. 8.)