INMAN, Judge.
John and Mary Russell ("Plaintiffs") appeal from an order granting summary judgment in favor of Building Materials Manufacturing Corp. d/b/a GAF ("Defendant") and an order denying Plaintiffs' motion to amend the judgment pursuant to Rule 59 of the North Carolina Rules of Civil Procedure. Plaintiffs contend a genuine issue of material fact-whether the damages they seek are the same damages for which Plaintiffs recovered compensation in a separate lawsuit-is in dispute, so that summary judgment was entered in error. Plaintiffs also assert that the trial court abused its discretion in denying their motion to amend.
After careful review, we affirm the trial court in both respects.
Factual and Procedural History
This dispute arises out of a contractual relationship between Plaintiffs and Otto Home Services, Inc. d/b/a Otto's Exteriors ("Otto's Exteriors") in which Otto's Exteriors installed a new roof, manufactured by Defendant, on Plaintiffs' home. Otto's Exteriors installed the roof on or about 22 December 2012. On or about 16 January 2013, Plaintiffs noticed a leak developing and requested Defendant to inspect their home. On or about 18 March 2013, Defendant sent out an inspector, but the parties disputed the facts and accuracy of this inspection. Over the next year, Plaintiffs sought additional inspections and requested repairs from Defendant.
Plaintiffs eventually filed a pro se small claim action against Otto's Exteriors, which, after being transferred to arbitration, resulted in a non-binding arbitration award of $7,331 against Otto's Exteriors for damages caused by the faulty installation of the roof. Plaintiffs filed a similar action against Defendant, which resulted in a non-binding arbitration award of $8,739 against Defendant. Defendant declined to pay the award.
On 27 February 2015, Plaintiffs filed a first amended complaint in this action against Defendant asserting damages for breach of contract, breach of express warranty, and unfair and deceptive trade practices stemming from the installation of the roof by Otto's Exteriors. Defendant filed an answer, which included a motion to dismiss pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure. The trial court granted Defendant's motion to dismiss only as related to the breach of contract claim. The trial court also allowed Plaintiffs' motion to file a second amended complaint. Following Plaintiffs' second amended complaint, Defendant's moved for summary judgment on the remaining claims.
The trial court granted Defendant's motion for summary judgment on the ground that Plaintiffs are seeking a double recovery in light of the damages they received from Otto's Exteriors for the faulty roof installation. The trial court also concluded that summary judgment was appropriate for Plaintiffs' unfair and deceptive trade practices claim against Defendant because there were no genuine issues of material fact in dispute.
Following the trial court's entry of its summary judgment order, Plaintiffs filed a motion to amend the judgment on the basis of Rule 59(a)(8) (mistake of law) and Rule 59(a)(9) (any other reason heretofore recognized) of the North Carolina Rules of Civil Procedure. The trial court denied Plaintiffs' motion to amend. Plaintiffs appealed.
Motion to Dismiss Appeal
As an initial matter, we must determine whether we have appellate jurisdiction to hear this appeal. Defendant moves this Court to dismiss Plaintiffs' appeal for untimeliness.
Rule 3 of the North Carolina Rules of Appellate Procedure requires a party to file a notice of appeal within thirty days after the entry of judgment. N.C. R. App. P. 3(c)(1) (2015). "It is well established that failure to give timely notice of appeal is jurisdictional, and an untimely attempt to appeal must be dismissed." In re A.L., 166 N.C. App. 276, 277, 601 S.E.2d 538, 538 (2004) (internal quotation marks, alterations, and citation omitted). However, Rule 3 also provides that if a party properly files a motion for relief pursuant to Rule 50(b), Rule 52(b), or Rule 59 of the North Carolina Rules of Civil Procedure, this thirty day time period is tolled. N.C. R. App. P. 3(c)(3).
Our Court has held that both Rule 59(a)(8) (error in law) and (9) (any other reason heretofore) are post-trial motions and therefore improper vehicles to challenge a summary judgment order. See Bodie Island Beach Club Ass'n, Inc. v. Wray, 215 N.C. App. 283, 294-95, 716 S.E.2d 67, 77 (2011) ("Because both Rule 59(a)(8) and (9) are post-trial motions and because the instant case concluded at the summary judgment stage, the court did not err by concluding that 'it [was] not proper to set aside default against Defendant SRS and vacate the summary judgment pursuant to Rule 59(a)(8) and (9).' " (alteration in original)). In the unpublished decision by this Court, TD Bank N.A. v. Eagles Crest at Sharp Top, LLC, No. COA15-807, 2016 WL 4367257, *1, *1-*2, 791 S.E.2d 651 (N.C. App. Aug. 16, 2016), we held that a Rule 59 motion does not toll the time a party has to appeal an order granting summary judgment. While we are not bound by unpublished decisions, we are bound by Bodie Island. Because we have held that Rule 59 is not a proper mechanism for challenging a summary judgment order, Bodie Island, 215 N.C. App. at 294-95, 716 S.E.2d at 77, we conclude it does not qualify as a properly filed motion for relief pursuant to Rule 3(c) of the North Carolina Rules of Appellate Procedure, and therefore it does not toll the time from which a party may appeal a summary judgment order.
Here, the trial court entered an order granting summary judgment in favor of Defendant on 10 May 2016. Plaintiffs then filed a motion to amend the judgment pursuant to Rule 59(a) on 18 May 2016. Plaintiffs' motion asserted as a basis for reconsideration of the trial court's order Rules 59(a)(8) (mistake of law) and 59(a)(9) (any other reason heretofore recognized). The trial court ruled on Plaintiffs' motion on 14 July 2016. Plaintiffs' notice of appeal was filed on 12 August 2016, within thirty days of the order denying Plaintiffs' motion to amend the judgment, but well outside the time in which Plaintiffs had to appeal the trial court's summary judgment order. Because Rule 3 is jurisdictional and Plaintiffs' appeal was not filed within thirty days of the order granting summary judgment, we are compelled to hold that Plaintiffs' appeal is untimely.
Plaintiffs cite several cases in which it appears our Court considered appeals from summary judgment following a Rule 59 motion that would otherwise have been untimely if not for the tolling provision of Rule 3. See, e.g., Rutherford Plantation, LLC v. Challenge Golf Group of Carolinas, LLC, 225 N.C. App. 79, 737 S.E.2d 409 (2013), aff'd by equally divided court, 367 N.C. 197, 753 S.E.2d 152 (2014) ; Elliott v. Enka-Candler Fire & Rescue Dept., Inc., 213 N.C. App. 160, 713 S.E.2d 132 (2011). However, not one of these cases addresses the jurisdictional question. Where, as here, the argument regarding jurisdiction is raised and decided, our Court has held that Rule 59 does not toll the time for which a party may appeal from an order granting summary judgment. See, e.g., Barbee v. WHAP, P.A., No. COA16-1154, 2017 WL 3481038, *1, *4-*5, 803 S.E.2d 701 (N.C. App. Aug. 15, 2017) (allowing the plaintiffs' appeal to proceed by way of the plaintiffs' petition for writ of certiorari); TD Bank, No. COA15-807, 2016 WL 4367257, at *1-*2, 791 S.E.2d 651 (dismissing the defendants' appeal from a summary judgment order as untimely).
Plaintiffs' response to Defendant's motion to dismiss the appeal includes a request that this Court treat the record and briefs as a petition for writ of certiorari in the event that their Rule 59 motion is not valid. We recognize that we "have the authority, in the exercise of our discretion, to treat the record on appeal and briefs as a petition for writ of certiorari pursuant to N.C. R. App. P. 21(a)(1), to grant the petition, and to the review [Plaintiffs'] challenge to the [summary judgment] order on the merits." In re Will Durham, 206 N.C. App. 67, 74, 698 S.E.2d 112, 119 (2010) (citation omitted); see also Anderson v. Hollifield, 345 N.C. 480, 482, 480 S.E.2d 661, 663 (1997) (" Rule 21(a)(1) gives an appellate court the authority to review the merits of an appeal by certiorari even if the party has failed to file notice of appeal in a timely manner."). This authority should be reserved for circumstances in which there has been "a reasonable show of merits and that the ends of justice will be thereby promoted." King v. Taylor, 188 N.C. 450, 451, 124 S.E. 751, 751 (1924) (citations omitted). Based on the circumstances of this case and in the interest of justice, we exercise our discretion pursuant to Rule 21(a)(1) and address the merits of Plaintiffs' appeal.
Summary Judgment Order
Plaintiffs argue that the trial court erred by granting Defendant's motion for summary judgment because there was ample evidence establishing a genuine issue of material fact as to whether Plaintiffs were seeking double recovery and Defendant failed to produce evidence to show there was no genuine issue of material fact as to the Plaintiffs' unfair and deceptive trade practices claim.
1. Standard of Review
"This Court reviews orders granting summary judgment de novo." Foster v. Crandell, 181 N.C. App. 152, 164, 638 S.E.2d 526, 535 (2007) (citation omitted). "Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." Bumpers v. Cmty. Bank of N. Va., 367 N.C. 81, 87, 747 S.E.2d 220, 226 (2013) (internal quotation marks and citations omitted). "[A]n issue is genuine if it is supported by substantial evidence," and is material "if the facts alleged would constitute a legal defense, or would affect the result of the action, or if its resolution would prevent the party against whom it is resolved from prevailing in the action[.]" DeWitt v. Eveready Battery Co., 355 N.C. 672, 681, 565 S.E.2d 140, 146 (2002) (internal quotation marks and citations omitted). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion, and means more than a scintilla or a permissible inference[.]" Id. at 681, 565 S.E.2d at 146 (internal quotation marks and citations omitted).
"The party moving for summary judgment bears the burden of establishing that there is no triable issue of material fact." Id. at 681, 565 S.E.2d at 146 (citing Nicholson v. Am. Safety Util. Corp., 346 N.C. 767, 774, 488 S.E.2d 240, 244 (1997) ). "The movant may meet this burden by proving that an essential element of the opposing party's claim is nonexistent, or by showing through discovery that the opposing party cannot produce evidence to support an essential element of his claim or cannot surmount an affirmative defense which would bar the claim." Collingwood v. G.E. Real Estate Equities, 324 N.C. 63, 66, 376 S.E.2d 425, 427 (1989) (citations omitted). Once this burden is met, the nonmoving party must "produce a forecast of evidence demonstrating that the [nonmoving party] will be able to make out at least a prima facie case at trial" to avoid dismissal. Id. at 66, 376 S.E.2d at 427 (citation omitted). "All inferences of fact from the proofs offered at the hearing must be drawn against the movant and in favor of the party opposing the motion." Id. at 66, 376 S.E.2d at 427 (citing Page v. Sloan, 281 N.C. 697, 190 S.E.2d 189 (1972) ).
2. Double Recovery
It is well established that under North Carolina law, a plaintiff may not obtain a " 'double recovery' for the same loss or injury." Chemimetals Processing, Inc. v. Schrimsher, 140 N.C. App. 135, 138, 535 S.E.2d 594, 596 (2000) (quoting Markham v. Nationwide Mut. Fire Ins. Co., 125 N.C. App. 443, 455, 481 S.E.2d 349, 357 (1997) ). In Chemimetals, the plaintiff instituted an action against a corporation and its president in which he sought to recover damages for an alleged breach of contract, breach of fiduciary duty, and unfair and deceptive trade practices. Id. at 136-37, 535 S.E.2d at 595. Prior to the case proceeding to trial, the parties entered into a "Settlement Agreement and Mutual Release," whereby the plaintiff agreed to dismiss the complaint with prejudice. Id. at 137, 535 S.E.2d at 595. Following the Settlement Agreement and Mutual Release, the plaintiff initiated a second lawsuit against the corporation's board of directors and accountants, seeking damages for negligence, including breach of duty of care and breach of fiduciary duty. Id. at 137, 535 S.E.2d at 595-96. The trial court entered summary judgment in favor of the board of directors and accountants. Id. at 138, 535 S.E.2d at 596.
The plaintiff appealed from the summary judgment order on the ground that the release entered into in the first action against the corporation and its president did not preclude the second action against the board of directors and accountants. Id. at 138, 535 S.E.2d at 596. Our Court held that while the plain language of the release did not bar the second action, the plaintiff was nevertheless unable to recover for the same losses recovered in settlement of the first action. Id. at 139, 535 S.E.2d at 596-97. This Court, affirming the trial court's summary judgment order, explained that
[the plaintiff] has suffered but one injury in this case-monetary loss due to the purported diversion of profits and labor from [the plaintiff] by [the plaintiff's president]. Under the facts as alleged by [the plaintiff], all actions in the course of events leading to financial demise of [the company] were concurrent. [The plaintiff's] monetary loss, which was the injury created by [the president's] scheme, is the same injury caused by the alleged failure of the board of directors and CPAs to notice [the president's] unlawful acts. That only one injury occurred is in no way altered by the fact that the board of directors and CPAs may have been guilty of separate wrongdoing.
Id. at 139, 535 S.E.2d 596-97.
The doctrine of double recovery, however, does not prohibit a plaintiff from asserting multiple lawsuits arising from the same incident or set of facts, so long as the plaintiff is not seeking to recover for the same damages the plaintiff has previously recovered from a separate party. Kogut v. Rosenfeld, 157 N.C. App. 487, 491, 579 S.E.2d 400, 402-03 (2003). In Kogut, this Court was tasked with deciding whether a bankruptcy order approving a release and settlement agreement releasing one party from liability bars claims against a separate party. Id. at 488, 579 S.E.2d at 401. Our Court held that Chemimetals did not prevent a second action against a separate party when the record showed that "a genuine issue of material fact exist[ed] regarding the intended scope and effect of the bankruptcy order." Id. at 491, 579 S.E.2d at 403. This Court held that because the settlement award did not fully reimbursement the plaintiff's losses, summary judgment was improper. Id. at 492, 579 S.E.2d at 403.
Here, a review of the record shows that Plaintiffs failed to present substantial evidence demonstrating that the damages they received from the Arbitration Award were solely consequential damages and therefore separate and distinct from the damages Plaintiffs now seek against Defendant. It is undisputed that the Arbitration Award on its face is devoid of any delineation of damages. Plaintiffs' complaint against Otto's Exteriors sought "[t]reble damages, unfair trade practices and all else that apply" arising from "leaking and irregular appearance of the shingles[,]" and "[e]xtensive damage [ ] done to [their] newly installed siding, trim and gutters." The complaint further stated that "[s]ome repairs were done but not all[,]" and that there were "issues with the warranty that was paid for." Plaintiffs submitted an affidavit indicating that they prepared a motion to amend the complaint to state "specifically that [Plaintiffs] [were] suing for such consequential damages only ...." Plaintiffs, however, failed to present any evidence that the motion to amend was ever filed with the small-claims court or the arbitrator, or that the arbitrator considered such a motion when awarding damages.
Plaintiffs assert that the trial court found as fact that Plaintiffs had met their burden of showing that the first action against Otto's Exteriors was for consequential damages and the present case against Defendant is for direct damages, thereby avoiding any double recovery issues. A review of the hearing transcript reveals that the trial court did not make such a finding. Rather, the trial court indicated that it agreed that Plaintiffs "attempted to say [they] want[ed] to recover for consequential damages." But when directly asked by Plaintiffs' counsel whether the trial court intended to make a finding of fact to the effect "that the prior suit against Otto's Exteriors covered consequential damages only[,]" the trial court stated "[t]hat's not what I'm saying. I'm saying you've asked me to consider the fact that your client filed an affidavit saying that this is all they were seeking, and I've considered it." This supposed finding is not determinative as to whether Plaintiffs presented substantial evidence that the actual Arbitration Award was limited to consequential damages in fact; it merely shows that after filing the original complaint against Otto's Exteriors, Plaintiffs sought to limit the scope of their recovery to consequential damages. Absent any other evidence, we hold there is no dispute as to a genuine issue of material fact regarding the scope of the damages recovered in the Arbitration Award.
Because we hold there is no dispute of fact about the damages awarded in the Arbitration Award, and the damages for which Plaintiffs complained of in the first suit included "all else that apply," we further hold that summary judgment was proper.
3. Unfair and Deceptive Trade Practices
"In order to establish a prima facie claim for unfair trade practices, a plaintiff must show: (1) [the] defendant committed an unfair or deceptive act or practice, (2) the action in question was in or affecting commerce, and (3) the act proximately caused injury to the plaintiff." Bumpers, 367 N.C. at 88, 747 S.E.2d at 226 (alteration, internal quotation marks, and citations omitted). "It is well recognized, however, that actions for unfair or deceptive trade practices are distinct from actions for breach of contract, and that a mere breach of contract, even if intentional, is not sufficiently unfair or deceptive to sustain an action under [N.C. Gen. Stat. §] 75-1.1." Branch Banking & Trust Co. v. Thompson, 107 N.C. App. 53, 62, 418 S.E.2d 694, 700 (1992) (internal citations omitted). Rather, "a plaintiff must show substantial aggravating circumstances attending the breach to recover under the [Unfair and Deceptive Trade Practices] Act[.]" Id. at 62, 418 S.E.2d at 700 (internal quotation marks and citation omitted).
Plaintiffs assert that Defendant's motion for summary judgment was merely a renewed motion to dismiss because Defendant's motion was unaccompanied by any evidence. However, it is apparent from the record that Defendant did include evidence, including the warranty at issue and emails discussing the events surrounding the inspections, which demonstrated Plaintiffs' lack of evidence establishing each essential element of their unfair and deceptive trade practices claim. Plaintiffs did not present any evidence that Defendant's actions were intended to deceive or amounted to any other substantial aggravating circumstances involving a breach of contract. Therefore, the trial court's order granting Defendant's motion for summary judgment as to Plaintiffs' unfair and deceptive trade practices claim was proper.
Motion to Amend
Plaintiffs' sole basis for their motion to amend the judgment, both at the trial level and on appeal, was Rule 59 of the North Carolina Rules of Civil Procedure -specifically Rules 59(a)(8) and (9). As we explained above, Rule 59 is not a proper vehicle to challenge an order for summary judgment. See Bodie Island, 215 N.C. App. at 294-95, 716 S.E.2d at 77. Therefore, Plaintiffs' motion to amend was properly denied.
Conclusion
For the foregoing reasons, we affirm the trial court's order granting summary judgment in favor of Defendant, and affirm the trial court's order denying Plaintiffs' motion to amend the judgment.
AFFIRMED.
Report per Rule 30(e).
Judges ELMORE and BERGER concur.